287 So.2d 737 (1974)
Michael A. PELLE, Appellant,
v.
DINERS CLUB, Appellee.
No. 73-462.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Ginsberg & Goldman, North Miami Beach, for appellant.
Ader, Gissen & Nathan, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MARTIN, HENRY F., Jr., Associate Judge.
PER CURIAM.
Defendant-appellant seeks review of an adverse final judgment and order denying his motion for new trial.
Defendant, Michael A. Pelle, in his capacity as president of Prudential Leasing Corporation, submitted a written application on behalf of the company to plaintiff, Diners Club, to obtain a credit card. Diners Club approved the application and issued a credit card to Prudential Leasing Corporation. Subsequently, plaintiff issued to Prudential Leasing two additional cards[1] to be used by Stephen Cardiff and *738 Joseph Lubin for company business. Numerous charges, which Prudential refused to pay, were made on these cards. Plaintiff filed suit against defendant and others for the unpaid balance in the principal amount of $22,317.73 plus costs and attorney's fees.
At the trial, after presenting testimony that the original had been lost, plaintiff submitted into evidence a copy of defendant's application on the face of which appeared the following: "card holder assumes joint and several responsibility with company applicant". Defendant claimed that the card has been lost or stolen, although he had never reported that fact to Diners Club. At the close of plaintiff's case, defendant moved for a directed verdict which was denied. Plaintiff then rested it case. Some discussion followed and thereafter the trial court stated that it understood the positions of the parties and requested letter memoranda of law from both parties. On February 22, 1973 the court entered judgment for $22,317.73, plus costs and attorney's fees, in favor of plaintiff. Defendant-appellant filed a motion for new trial and alleged as one of the grounds therefor that he had been deprived of his right to introduce evidence in defense of the complaint brought on behalf of plaintiff-appellee. The motion was denied and this appeal ensued.
Appellant first contends that the trial court erred in entering final judgment for appellee and denying his motion for new trial where appellant was given no opportunity to present his case-in-chief, resulting in a denial of due process. We find merit in this contention.
It is fundamental that the constitutional guarantee of due process, which extends into every proceeding, requires that the opportunity to be heard be full and fair, not merely colorable or illusive. See Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 (1935).
Turning to the case at bar, we find the trial court erred in failing to grant the appellant an opportunity to present his case-in-chief and, therefore, he was denied the protection afforded by the constitutional guarantee of due process of law.
Accordingly, the final judgment and order denying motion for new trial are reversed and the case remanded to the trial court for a new trial.
Reversed and remanded.
NOTES
[1] All three cards bearing the same account number.