300 So.2d 298 (1974)
Waldo S. CARMICHAEL, Appellant,
v.
SHELLEY TRACTOR & EQUIPMENT COMPANY, Appellee.
No. 74-27.
District Court of Appeal of Florida, Fourth District.
September 20, 1974.
B.F. Paty, Jr., of Paty, Downey, Lewis & Reiter, West Palm Beach, for appellee.
Joseph J. Reiter of Levy, Plisco, Perry & Retier, West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant, the original plaintiff in a suit for breach of contract, suffered a judgment for damages on appellee's counterclaim following a non-jury trial.
Appellant's amended complaint alleged that he had entered into a written contract with appellee to purchase from the latter a certain dragline, pursuant to which contract appellee agreed to provide plaintiff-appellant with certain services, maintenance and materials for contemplated repair of the dragline; that the dragline as delivered by appellee was not delivered timely, was not in the condition as warranted, and that appellee had breached its agreement to make repairs thereon, all to the plaintiff's damage. By counterclaim appellee alleged in Count I the execution of the contract, the delivery of the dragline, and appellant's breach of the contract by failure to pay the installments due on the purchase price and by subsequently selling the dragline to a third party. In an amendment to the counterclaim, appellee alleged that it had furnished at appellant's request certain labor and materials for repair of the dragline for which appellant had not paid.
When the cause came on for trial before the court without a jury, appellant announced *299 a voluntary dismissal of his complaint, and orally moved to amend his answer to the counterclaim to deny that appellee had performed its obligations under the contract. Initially, the court reserved ruling on this motion. The case proceeded to trial on appellee's counterclaim, and at the conclusion of appellee's case-in-chief on this counterclaim the court denied appellant's motion to amend his answer as aforesaid, and at that time and before appellant had put on any evidence, granted appellee's motion for directed verdict on Count I. These two orders are assigned as error.
The amendment which appellant sought to make to its answer to the counterclaim, whereby he sought to deny that appellee had performed its obligations under the contract, was in essence nothing more than the substance of appellant's voluntarily dismissed complaint, i.e., that appellee had breached its contract. There could have been no surprise or prejudice to appellee by permitting such amendment as the issue of whether appellee breached its contract was included in the pretrial order. It would appear that the court's denial of appellant's motion to amend his answer in this respect was an abuse of discretion.
The granting of appellee's motion for a directed verdict on Count I at the close of its case-in-chief and before appellant had rested was error, as the motion was premature. At trial upon the issues made by the pleadings, a party may not move for and obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief. Otherwise, such party would be denied due process of law. Cf., Pelle v. Diners Club, Fla.App. 1974, 287 So.2d 737.
The judgment is reversed and this cause remanded for a new trial.
Reversed and remanded.
CROSS and MAGER, JJ., concur.