PER CURIAM.
This matter has been before this court previously. See: Murrell v. Trio Towing Service, Inc., Fla.App.1974, 294 So.2d 331, for the background and results of this decision, wherein we reversed the trial judge for directing a verdict for the defendants.
We candidly admit that after finding error in the directed verdict for the defendants in the earlier proceeding we made a mistake in directing the trial judge to direct a verdict for the plaintiff for both compensatory and punitive damages. This is so because we denied the defendants their day in court in that they never had an opportunity to present any defenses. Necessarily, for the proper determination of their motion for directed verdict, the defendants at the time of the first trial had to admit without contest all the evidence introduced and reasonable inferences therefrom in fav- or of the plaintiff, and this formed the basis of the factual statement set forth in the earlier opinion. However, after we determined that the trial court erred in directing a.verdict for the defendants, we should have returned the matter to the trial court for further proceedings in accordance with the rules of civil procedure and ordinary due process. See : Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483; Pelle v. Diners Club, Fla.App.1974, 287 So.2d 737; Carmichael v. Shelley Tractor & Equipment Company, Fla.App.1974, 300 So.2d 298; Rule 1.480(a), R.C.P.
Therefore, the final judgment here under review be and the same is hereby reversed, and the matter is returned to the trial court for a new trial on all the issues as made by the pleadings.
Reversed and remanded with directions.