GRIMES, Judge.
This appeal considers the proper disposition of a case on remand after the reversal of a judgment entered in favor of a defendant upon the defendant’s motion for a directed verdict made at the close of the plaintiff’s case.
The case began when Raymond Hodges, as personal representative of the estate of Charles A. Giramaire, filed a complaint against Mr. and Mrs. Surratt alleging fraud, undue influence, and conversion and seeking damages and the return of both real and personal property. The Surratts answered the complaint, and Mr. Surratt filed a counterclaim seeking to quiet title in the real and personal property mentioned in the complaint.
The parties went to trial before a jury which heard evidence as to how Mr. and Mrs. Surratt obtained the great bulk of Mr. Giramaire’s property during the time of his final illness. At the conclusion of Mr. Hodges’ case, the court granted Mr. Sur-ratt’s motion for directed verdict on both the complaint and the counterclaim.[1] Subsequently, the jury considered the case against Mrs. Surratt and awarded Mr. Hodges $25,000 damages. However, the court then granted Mrs. Surratt’s motion for judgment notwithstanding the verdict and entered a final judgment in favor of the Surratts.
On appeal, this court ruled that the purported transfers of assets by Mrs. Surratt to Mr. Surratt under a power of attorney given by Mr. Giramaire to Mrs. Surratt *1231 were void, and it set aside those transfers. Hodges v. Surratt, 366 So.2d 768 (Fla.2d DCA 1978). We reinstated the jury verdict against Mrs. Surratt and directed the trial court to enter judgment against her in accord with that verdict. We also set aside the directed verdict and judgment for Mr. Surratt and remanded the case for further proceedings with respect to him which were consistent with the opinion. On remand, Mr. Hodges filed a motion for entry of a judgment in compliance with the directions of this court, and in response Mr. Surratt filed a motion for new trial. The- court granted Mr. Hodges’ motion and entered judgment in his favor against both Mr. and Mrs. Surratt.
In this second appeal Mr. Surratt argues that he was entitled to a new trial after this court remanded the case because he never had the opportunity to present testimony in support of his answer or counterclaim since the court entered judgment in his favor based on a directed verdict which came at the conclusion of the plaintiff’s case. To preclude him from now presenting his side of the case will, he contends, deny him his right to a full and fair hearing and thus to due process of law. We agree. In a case which is remarkably on point,[2] the Third District Court of Appeal considered a similar factual situation and said:
We candidly admit that after finding error in the directed verdict for the defendants in the earlier proceeding we made a mistake in directing the trial judge to direct a verdict for the plaintiff for both compensatory and punitive damages. This is so because we denied the defendants their day in court in that they never had an opportunity to present any defenses. Necessarily, for the proper determination of their motion for directed verdict, the defendants at the time of the first trial had to admit without contest all the evidence introduced and reasonable inferences therefrom in favor of the plaintiff, and this formed the basis of the factual statement set forth in the earlier opinion. However, after we determined that the trial court erred in directing a verdict for the defendants, we should have returned the matter to the trial court for further proceedings in accordance with the rules of civil procedure and ordinary due process.
Trio Towing Service, Inc. v. Murrell, 325 So.2d 21, 22 (Fla.3d DCA 1975). See also Peile v. Diners Club, 287 So.2d 737 (Fla.3d DCA 1974).
We reverse the judgment against Mr. Surratt and remand the case for a new trial.[3]
SCHEB, C. J., and RYDER, J., concur.

. Procedurally, the court properly sustained the counterclaim at that juncture because Mr. Hodges’ attorney conceded that he had no additional evidence with which to oppose it and that if the directed verdict against his client was correct, Mr. Surratt was also entitled to the relief sought in his counterclaim.

. The only relevant difference between the two cases is that in its original reversal, the Third District had ordered the trial court to enter a directed verdict for the plaintiff whereas here our court merely remanded the case for further proceedings consistent with its opinion.

. Of course, Mr. Surratt will be bound by the law established in our first opinion to the extent that it is applicable to the facts presented at the new trial.