PER CURIAM.
The parties to this litigation had settled their dispute by way of a court-approved stipulation. The stipulation called for Ber-lant to deposit $10,000 in an account with the National Bank of Florida and to assign as additional collateral certain mortgages he owned. Because payments for several of the assigned mortgages were made to National while the remainder of the assigned mortgage payments were made directly to Berlant, the stipulation afforded both National and Berlant a right to an accounting “for all monies received by each from the mortgagees.” Various procedural skirmishes ensued which culminated in National’s motion seeking a final judgment against Berlant. In support of its motion, National filed the affidavit of a bank officer as to the amount Berlant owed.
Berlant correctly contends that it was error for the trial court to enter a final judgment against him where the amount of his indebtedness was based solely on an affidavit submitted by a nontestifying bank officer. National presented no other evidence to support the proposed figure. The amount in controversy was clearly unliqui-dated and was disputed by Berlant, thereby necessitating an evidentiary hearing on the issue. See Herskowitz v. Herskowitz, 466 So.2d 8 (Fla. 3d DCA 1985); Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981); Surratt v. Hodges, 389 So.2d 1230 (Fla. 2d DCA 1980); Pelle v. Diners Club, 287 So. 2d 737 (Fla. 3d DCA 1974).
Accordingly, we reverse the final judgment and remand for further proceedings. Because the record of the hearings before the trial court contains only the arguments of counsel, we are unable to address the propriety of the trial court’s order awarding National certain interpleader costs.
Reversed and remanded.