547 So.2d 226 (1989)
SJS ENTERPRISES, INC., d/b/a Triple a Irrigation, Appellant,
v.
James L. CATES, Ouida K. Cates, Fordeb Development Corporation, a Florida Corporation and al-Mar Pools, Inc., a Corporation, Appellees.
Nos. 88-0049, 88-1573.
District Court of Appeal of Florida, Fourth District.
July 12, 1989.
William J. Marell of Glickman, Witters and Marell, P.A., West Palm Beach, for appellant.
Philip M. Warren, Pompano Beach, for appellees, Cates.
POLEN, Judge.
During the trial of appellant's mechanic lien and contract actions, through the testimony of the first witness offered by appellant, the trial court reached the conclusion that the wrong entity had brought the cause of action. Thereupon, the trial court granted appellees' motion for involuntary dismissal, presumably under Florida Rule of Civil Procedure 1.420(b). We reverse.
The above cited rule which would allow for an involuntary dismissal by the court provides in pertinent part:
After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted.
*227 (Emphasis added.) In this case the appellant was on its first witness when the involuntary dismissal was granted. Clearly this was premature. While we cannot speculate as to whether subsequent witnesses could have cured the apparent defect as to corporate entity, the trial court cannot properly "jump the gun" by granting such a motion on the first witness' testimony. We abhor the thought that such a situation could lead to a multi-day trial on plaintiff's case, only to be followed with a rule 1.420(b) motion granted. However, the meaning of the rule is clear and unambiguous. It may well be that, on remand, appellant will seek to amend its pleadings to cure any possible defect as to the correct plaintiff entity.
In Case No. 88-1573 appellant contests the award of attorney's fees to appellees. Having reversed the trial court's dismissal of appellant's action, we must also reverse the award of attorney's fees.
We therefore reverse and remand for further proceedings consistent with this opinion.
DOWNEY and GARRETT, JJ., concur.