562 So.2d 819 (1990)
Joseph ZERILLO, Appellant,
v.
SNAPPER POWER EQUIPMENT, Home Power Equipment, Inc., and Broward Power Equipment, Inc., Appellees.
No. 89-0722.
District Court of Appeal of Florida, Fourth District.
June 6, 1990.
Rehearing and Certification Denied July 17, 1990.
Ivan Benjamin of Cohen & Cohen, P.A., Hollywood, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.
John D. Golden of Roth, Edwards & Smith, and Wendy F. Lumish of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, for appellees.
PER CURIAM.
We reverse, holding that the trial court erred by directing a verdict for defendants/appellees prior to the completion of plaintiff/appellant's case. Rule 1.480, Florida Rules of Civil Procedure (1989), provides that a party may move for a directed *820 verdict "at the close of the evidence offered by the adverse party." Here, appellant was not allowed to testify before the directed verdict was granted. As noted by the third district:
It is fundamental that the constitutional guarantee of due process, which extends into every proceeding, requires that the opportunity to be heard be full and fair, not merely colorable or illusive.
Pelle v. Diners Club, 287 So.2d 737, 738 (Fla. 3d DCA 1974).
Numerous Florida courts, including this one, have held that a party may not obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief, since to do so would constitute a denial of due process of law. Southern Wood Indus., Inc. v. Florida Carolina Lumber Co., 84 So.2d 589 (Fla. 1956); Schurr v. Royal Globe Ins. Co., 353 So.2d 215 (Fla. 2d DCA 1977) (holding that the trial judge should not have attempted to determine liability before having a chance to hear all the testimony appellant had to offer); Sheldon Greene and Assocs., Inc. v. Williams Island Assocs., 550 So.2d 1142 (Fla. 3d DCA 1989), rev. denied, 557 So.2d 35 (Fla. 1990); SJS Enterprises, Inc. v. Cates, 547 So.2d 226 (Fla. 4th DCA 1989) (applying the same concept to the grant of a motion for involuntary dismissal and holding that the trial court could not "jump the gun" by granting such a motion before the party has completed his presentation of evidence); Carmichael v. Shelley Tractor & Equip. Co., 300 So.2d 298 (Fla. 4th DCA 1974) (holding that there is a denial of due process when a party obtains a directed verdict prior to the time that the party moved against has completed his case-in-chief).
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY and WARNER, JJ., concur.