KAHN, Judge.
In early 1989 R.B. Gay Construction Company (Gay) entered into a subcontract *367 agreement with American Structural Systems (Structural) for the completion of certain work on the construction of a new church for San Jose Catholic Parish. Structural agreed to complete Division 5 “Structural and Miscellaneous Metals.” The subcontract amount was $85,940.00 and included the purchase of steel, but the amount was reduced after the church exercised its option of purchasing the steel itself for tax purposes. Structural performed some work under the contract and was paid $34,200.00. A dispute then arose between Structural and Gay as to whether the subcontract required Structural to supply a metal deck. Gay found Structural in breach of the subcontract because it refused to furnish and install the metal deck. Structural’s position was that it was not required to do so under the contract and was entitled to the balance of the contract price since it had completed the contract.
Structural filed a complaint for damages against Gay for the balance of the contract price, and Gay filed a counterclaim for damages against Structural for breach of contract. After a non-jury trial, the trial court entered a final judgment finding that the evidence supported Gay’s counterclaim against Structural and awarded $47,353.81 in damages to Gay.
On appeal Structural argues that the trial court erred in construing the contract to require the metal deck. We find no error in the trial court’s ruling.
Structural next argues that the trial court erred in determining the amount of damages. We find error in the calculation. The trial court simply awarded damages equal to the total actual cost to Gay to complete the contract.
The measure of damages for cost to complete after breach of a construction contract where the contractor fails to complete performance is the difference between the contract price and the reasonable cost to complete the improvements in accordance with the contract. J.M. Beeson Co. v. Sartori, 553 So.2d 180, 183 (Fla. 4th DCA 1989); Sea Ledge Properties, Inc. v. Dodge, 283 So.2d 55 (Fla. 4th DCA), cert. dismissed, 285 So.2d 618 (Fla.1973). This rule is necessarily true because the contractor (or owner in the case of breach by a general contractor) has already agreed to pay the contract price for the contemplated work. In the present case the trial court mistakenly awarded Gay the entire cost of completion, without regard to Gay’s preexisting legal obligation to pay the contract price, as adjusted by any change orders. Therefore, the correct amount of damages to Gay is the difference between the contract price and $47,353.81, representing Gay’s cost of completion.
We REVERSE the damages award and REMAND for a recalculation of the correct amount pursuant to this opinion.
ALLEN and WOLF, JJ., concur.