PER CURIAM.
Appellant, Searock Inc., d/b/a Allied Marine, appeals an adverse final judgment on directed verdict in favor of appellee, Edward Vose Babcock. We reverse.
Babcock brought suit against Searock for breach of an escrow agreement in connection with a failed purchase/sale transaction. At the conclusion of Babcock’s case-in-chief, both parties filed motions for directed verdict. The trial court granted plaintiff Bab-cock’s motion.
Simply, the trial court erred in granting a directed verdict for Babcock and in depriving Searock of the ability to present its case. Precedent fails to support the granting of a directed verdict before the defendant has had an opportunity to present its case. To the contrary, Florida jurisprudence clearly mandates that “a party may not obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief, since to do so would constitute a denial of due process of law.” Zerillo v. Snapper Power Equipment, 562 So.2d 819, 820 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991); see Sheldon Greene and Assocs., Inc. v. Williams Island Assocs., 550 So.2d 1142 (Fla. 3d DCA 1989), rev. denied, 557 *854 So.2d 35 (Fla.1990); Pelle v. Diners Club, 287 So.2d 737 (Fla. 3d DCA 1974).
Reversed and remanded for a new trial.