GOSHORN, Judge.
Tom and Susan Mole (the Moles) appeal from the order granting First Federal Savings and Loan Association’s (the First) motion for directed verdict on their claim of fraud in the inducement and the order granting the First’s motion for judgment notwithstanding the verdict. We affirm.
The genesis of this protracted litigation was a construction loan agreement between the Moles and Independence Mortgage Corporation (Independence), a wholly owned subsidiary of the First. At the time the loan agreement between the Moles and Independence was signed, the loan was simultaneously assigned to the First, which assumed responsibility for the lender’s obligations. The loan agreement contained a schedule for the disbursement of funds during the construction process. The Moles contend that the First breached the agreement because eleven partial disbursements were made to the contractor instead of six as contemplated by the loan agreement. We agree with the trial judge’s finding in his order granting the motion notwithstanding the verdict that:
[tjhere is no reasonable basis for the Plaintiffs’ construction of the Contract that requires the loan proceeds are required to be disbursed in six (6) specific lump sum draws. Paragraph 12 of the Contract shows that certain percentages of the loan *145 proceeds are to be allotted to the completion of certain designated categories [of] work. There is nothing in the Contract that indicates these disbursements for various categories of work must be in a lump sum for that category. Disbursements are not limited to 6 in number as the Plaintiffs contend and partial disbursements may be made so long as the total percent of disbursements allotted to a specific category does not get ahead of the work done in that category.
The evidence is clear and overwhelming that the Lender properly disbursed, according to the Contract terms, the 80% of the loan proceeds that are in question.
We also agree with the trial judge that the Moles failed to prove their damages under the applicable standard. At trial, the Moles offered the expert testimony of Harold L. Thompson, who concluded that the First had over-disbursed funds to the contractor. Thompson estimated the contractor’s profit, and divided the cost of completion (100%) into the contract price after deducting the estimated profit. In so doing, Thompson opined that the Moles’ home was only 40% completed when the contractor left the job site. From this, he reasoned that because the First had disbursed $187,800 and had received only $94,541.42 in value (based upon his 40% calculation), the First had over-disbursed by $93,258.58. Thompson then concluded that a completion of between 40% and 45% was appropriate. The Moles’ other expert based his estimate of damages on Mr. Thompson’s 45% completion theory.
The trial judge ultimately struck the testimony of these two experts post trial, but in so doing, found that the Moles had failed in their burden of proof, even considering the testimony of their two experts. We agree. The evidence shows that the First disbursed 80% of the construction loan before the contractor left the job site. The proper measure of the Moles’ damages, if any, would have been the reasonable cost to complete any items of construction that were to be completed prior to the 80% draw disbursement. Cf. American Structural Sys. Inc. v. R.B. Gay Constr. Co., 619 So.2d 366, 367 (Fla. 1st DCA 1993) (“The measure of damages for cost to complete after breach of a construction contract where the contractor failed to complete performance is the difference between the contract price and the reasonable cost to complete the improvements in accordance with the contract.”); see also Larry R. Leiby, Florida Construction Law Manual, § 14.03 (1981). Because the Moles failed to present any such proof, the trial court correctly granted the First’s motion for judgment notwithstanding the verdict.
Finally, we do not address the Moles’ procedural objection to the grounds upon which the motion for judgment notwithstanding the verdict was based. This objection appears to have been raised for the first time on appeal and thus has been waived. See Parlier v. Eagle-Picher Indus., Inc., 622 So.2d 479, 480-81 (Fla. 5th DCA 1993); Commodore Plaza at Century 21 Condominium Ass’n, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), cert. denied, 362 So.2d 1051 (Fla.1978).
AFFIRMED.
THOMPSON, J., and FREEMAN, T.G., Associate Judge, concur.