OWEN, WILLIAM C., Jr., Senior Judge.
After the appellee church had acquired title to an unimproved five-acre lot subject to recorded maintenance provisions enforceable by the property owner’s association, the church brought this declaratory judgment action to determine (1) the legality of assessments for grass mowing and (2) its right to mow its own grass without association involvement. Even though the amended judgment was favorable to the *939 defendant property owner’s association, it has appealed. The church has cross-appealed. We affirm the amended judgment, finding no merit in either the appeal or the cross-appeal. We discuss briefly the issue on the association’s appeal to explain why we also deny its motion for attorney’s fees.
At the close of the church’s case in the non-jury trial, the association moved for an involuntary dismissal. The court granted the motion, its oral ruling as well as the amended final judgment subsequently entered holding in essence that (1) the church’s lot had not been assessed in a discriminatory manner,[1] (2) the past assessments which the church had paid were proper because it had failed to keep the lot properly maintained,[2] (3) the church had the obligation to maintain the appearance of its property in conformity with association standards, but it also had the right to mow its own grass rather than to pay the association an assessment for mowing the grass,[3] and (4) if the association wants the church to mow its grass at the same time that the association mowed other lots, the church is entitled to advance notice of the association’s mowing schedule.
Surprising as it might seem, it is this latter provision — the requirement of giving advance notice of its mowing schedule— which has spawned this appeal. This requirement, argues the association, has in effect directed a verdict against it without allowing it to present its case, a procedure which we recognized in Carmichael v. Shelley Tractor & Equipment Co., 300 So.2d 298 (Fla. 4th DCA 1974), to be a denial of due process. The fallacy in this argument is apparent from the record. The association, while arguing its motion for involuntary dismissal, suggested to the court that although the church had the right to mow its own grass, the appearance of the subdivision would be enhanced if the church would mow its grass at the same time the association mowed the other properties. The court’s judgment did not place an absolute requirement on the association to give appellee any notice of its mowing schedule. Rather, the court ordered the notice as a matter of due process only if the appellant association expected appellee to mow its grass simultaneously with the association’s mowing schedule. While the association’s counsel initially expressed concern that the court had not at that point heard the association’s case, counsel acquiesced in the provision after the court clarified that it was referring only to the future and was not finding any fault on the association’s part for any lack of notice in the past. The association’s counsel did not thereafter object nor make a proffer of evidence.
AFFIRMED.
STONE and KLEIN, JJ., concur.

. A ruling obviously favorable to the association.

. A ruling obviously favorable to the association.

.The association conceded this, both in its answer to the complaint and in its argument in support of its motion for involuntary dismissal.