784 So.2d 1232 (2001)
A.L. WILLIAMS, Appellant,
v.
SALEM FREE WILL BAPTIST CHURCH, Appellee.
No. 1D00-1863.
District Court of Appeal of Florida, First District.
April 26, 2001.
Rehearing Denied May 31, 2001.
Sharon L. Ray, Marianna, for Appellant.
J. Shad Redmon of Bondurant & Fuqua, P. A., Marianna, for Appellee.
KAHN, J.
In this case, the trial judge committed a procedural error by granting a directed verdict for the plaintiff at the close of plaintiff's case. Numerous cases find that a violation of Florida Rule of Civil Procedure 1.480, and even of due process, occurs where a party moves for and obtains a directed verdict before the time that the party moved against has completed its case in chief. See, e.g., Dep't of HRS v. Marlow, 448 So.2d 1106, 1109 (Fla. 1st DCA 1984) (stating that it was improper for the court to direct a verdict for the plaintiff before the defendant had a chance to present its case); Dodge v. Weiss, 191 So.2d 71, 73 (Fla. 1st DCA 1966) ("A motion for a directed verdict cannot, of course, be properly made by the defendant until the plaintiff has completed the presentation of his evidence," because the rule contemplates that the movant will move for directed verdict at the close of the evidence offered by the adverse party.); Sapp v. Redding, 178 So.2d 204, 207 (Fla. 1st DCA 1965) ("[A] defendant ... cannot properly make a motion for a directed verdict before the plaintiff has completed the presentation of his evidence," because the directed verdict rule contemplates that the movant will move for directed verdict at the close of the evidence offered by the adverse party.); Searock v. Babcock, 667 So.2d 853, 853 (Fla. 3d DCA 1996) ("[T]he *1233 trial court erred in granting a directed verdict for [plaintiff] and in depriving [defendant] of the ability to present its case.... `[Doing] so would constitute a denial of due process of law.'"); Trio Towing Serv., Inc. v. Murrell, 325 So.2d 21, 22 (Fla. 3d DCA 1975) ("[A]fter finding error in the directed verdict for the defendants in the earlier proceeding we made a mistake in directing the trial judge to direct a verdict for the plaintiff ... we should have returned the matter to the trial court for further proceedings in accordance with the rules of civil procedure and ordinary due process."); Pelle v. Diners Club, 287 So.2d 737, 738 (Fla. 3d DCA 1974) (holding that it was a violation of due process to grant a directed verdict in favor of plaintiff before the defendant had an opportunity to present his case-in-chief); Zerillo v. Snapper Power Equip., 562 So.2d 819, 820 (Fla. 4th DCA 1990) ("[A] party may not obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief, since to do so would constitute a denial of due process of law."); Carmichael v. Shelley Tractor & Equip. Co., 300 So.2d 298, 299 (Fla. 4th DCA 1974) ("At trial upon the issues made by the pleadings, a party may not move for and obtain a directed verdict prior to the time that the party moved against has completed his case-inchief. Otherwise, such party would be denied due process of law."). Appellee has conceded error. We reject appellee's concession and affirm because appellant waived entitlement to the normal procedure.
This action arises out of an oral agreement between appellant A.L. Williams and appellee Salem Free Will Baptist Church to swap two parcels of property. Williams was to take possession of some of the Church's property located on the west side of the Church, and the Church was to take some of Williams' property located on the south side of the Church. Apparently, pursuant to the oral agreement, Williams cleared the land on the west side of the Church in 1995 and built a fruit stand on that property. The Church, however, never took possession of the Williams' property on the south side of the Church. Williams assured the Church that a deed to that property was coming, but that the process had been held up by some "environmental people."
The Church took no further action until 1997 when Williams began to dig a canal in conjunction with the improvement of other property he owned adjacent to the Church. Out of concern for the value of its property, the Church approached Williams about a modification of the original oral agreement. The Church and Williams were unable to reach any sort of a modification and Williams still did not deliver a deed to the Church. The Church then commenced this ejectment proceeding against Williams. Williams responded with a counterclaim for betterment of the property he had occupied pursuant to the oral agreement.
The foregoing facts were set out by counsel for the Church in opening statement at the beginning of a non-jury trial. Counsel for Williams made a very brief opening statement in which she agreed that appellee's counsel "has reflected where we are today." Williams' counsel then reminded the court that a counter-claim for betterment had been filed and noted "the case law basically stipulates that any consideration of that would have to be after a ruling on the ejectment." The Church then proceeded to put on witnesses to prove up its claim for ejectment.
Things got off track when, at the conclusion of its own case in chief, the Church moved for a directed verdict, pointing out that Williams remained on property owned by the Church. In response to the motion, defense counsel made no mention of procedural *1234 rights, but simply stated, "There's been offers (sic) before the Court today that there's a verbal agreement about something that was going to take place. I would ask that the court deny the motion." The court then found from the undisputed testimony that plaintiff would be entitled to ejectment. Without missing a beat, the court and counsel began discussing the logistics of scheduling a hearing on Williams' betterment claim. Williams filed no motion for rehearing directed toward the order of ejectment entered by the trial court and never pointed out his right to present a case before any ruling on the directed verdict motion.
The Florida Rules of Civil Procedure anticipate that a motion for directed verdict will be made "at the close of the evidence offered by the adverse party...." Fla.R.Civ.P. 1.480(a). We recognize that some of the cases set out in the introductory paragraph above suggest that a court denies due process by directing a verdict prior to the time that the party moved against has completed its case in chief. See, e.g., Searock, 667 So.2d at 853, Zerillo, 562 So.2d at 820. Our review of the record in the present case, however, convinces us that although Williams clearly had a procedural right to present a case, he waived that right when his counsel did nothing more in opposition to the directed verdict motion than make a vague comment about the evidence, and completely failed to advise the court that Williams intended to put on additional evidence that would contradict the evidence put on by the Church. This response was consistent with the opening statement made by Williams' counsel in which she adopted the factual scenario set out by the Church and reminded the court that in the event of an ejectment, the claim for betterment would remain.
A procedural error not timely raised in the trial court is waived unless the party asserting the error can demonstrate that such a waiver would be a denial of due process. See Samuels v. Magnum Realty, 431 So.2d 241, 242 (Fla. 1st DCA 1983); see also E.J. Associates, Inc. v. John E. & Aliese Price Found., Inc., 515 So.2d 763, 764 (Fla. 2d DCA 1987) ("`Procedural irregularities to which no objection is made are waived.'") (quoting Allstate v. Gillespie, 455 So.2d 617, 620 (Fla. 2d DCA 1984)). This rule has been applied in a variety of contexts. See, e.g., E & I, Inc. v. Excavators, Inc., 697 So.2d 545, 546 (Fla. 4th DCA 1997) (applying waiver to failure of the party moving for summary judgment to provide twenty days notice to the non-moving party prior to the hearing on the motion); Wong v. Crown Equip. Corp., 676 So.2d 981, 982 (Fla. 3d DCA 1996) (applying waiver to failure of the party moving for summary judgment to state with particularity in his motion a ground he argued at the hearing on the motion); Mole v. First Fed. Sav. & Loan Ass'n, 674 So.2d 144, 145 (Fla. 5th DCA 1996) (applying waiver to an objection to the procedural grounds upon which the motion for judgment notwithstanding the verdict was based). In this case, Williams made no objection to the procedure employed by the trial court when it considered the Church's motion for directed verdict. Instead, Williams argued the merits of the motion.
The benchmarks of procedural due process are notice of hearing and meaningful opportunity to be heard. See Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Williams was denied neither of these rights. At no point has Williams suggested any dispute in the evidence as detailed by the Church during its opening statement, and supported by the witnesses for the Church. Instead, Williams focused solely upon his pending betterment claim. On these admittedly *1235 unusual procedural facts, we find that Williams waived the right to insist upon strict compliance with applicable procedural rules and, moreover, was not denied due process by the trial court.
AFFIRMED.
BROWNING and LEWIS, JJ., concur.