836 So.2d 1092 (2003)
Daniel M. EDELMAN, etc., Appellant,
v.
Johnnie Cordell BREED, et al., Appellees.
No. 5D02-332.
District Court of Appeal of Florida, Fifth District.
February 7, 2003.
Joseph A. Frein of Law Offices of Joseph A. Frein, Orlando, and Charles P. Pillans, III, of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellant.
Alan B. Taylor and Paul E. Dehart of Litchford & Christopher, P.A., Orlando, for Appellees.
PLEUS, J.
This is an appeal from an order which removed Daniel Edelman as the personal representative of the Estate of Allen Kent Breed, deceased. Allen Breed invented the triggering device to inflate airbags in motor vehicles. Edelman, a CPA, had been Breed's advisor on financial and tax matters.
*1093 After Breed's death, Edelman and Breed's widow, Johnnie Cordell Breed, had a falling out over fees and expenses in the estate. At the urging of Mrs. Breed, the petition for removal was filed by the co-trustees of the Allen K. Breed Revocable Trust which was the sole beneficiary under Breed's will. The amended petition alleged a multitude of grounds for removal, including a pending malpractice action filed by Mrs. Breed against Edelman and his accounting firm.
After an answer to the adversarial proceedings was filed by Edelman, a hearing was held by the Honorable W. Rogers Turner. Over a two-day period, the co-trustees put on evidence. After they rested, Edelman moved for a directed verdict. Counsel for the co-trustees responded, "I think we've made a prima facie case to have him removed now through a directed verdict on our favor." The trial court took the matter under advisement and the next day granted the co-trustees' "Motion for a Directed Verdict." The court then made findings of fact in which the trial court concluded that there was "an unquestionable conflict of interest" with respect to the malpractice suit by Mrs. Breed, everything had become "adversarial", and there had been "maladministration of the estate", as well as "absolutely astronomical fees" incurred thus far.
Counsel for Edelman properly objected, stating:
Judge, if I can respond. This was an adversary proceeding served by formal notice being adopted in the court by the Rules of Civil Procedure.
I have at least six witnesses to testify. I have direct examination from Mr. Edelman. I have testimony for the attorneys forwho administeredinvolved in the administration of the estate.
I have depositions to publish to the Court, and I have expert testimony in the areas of estate tax and accounting, and I've not been afforded an opportunity to addressto present any evidence to this Court, Judge.
On the inflated valuations or on problems with the 706, on the Vermont and Nevada ancillary proceedings or the fees incurred, although I object to that as being part of this proceeding, this would be akin, Judge, to a civil trial to the plaintiff after having rested their case, the defense is precluded from presenting its case in opposition to it, and I object on that basis, Judge.
Edelman should have been allowed to present his defense. Instead, the trial court granted the motion and entered an order removing Edelman and replacing him with the co-trustees.
The ruling was improper both procedurally and substantively. Adversarial proceedings to remove a personal representative are governed by the Florida Probate Rules and the Florida Rules of Civil Procedure.[1] The procedure followed in this case is contrary to the Probate Rules, the Rules of Civil Procedure, and the fundamental guarantees of due process.
Florida Rule of Civil Procedure 1.480(a) provides:
Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made....
Nowhere in the rule, or comments to the rule, is there any suggestion that a plaintiff (the petitioner in this case) may move for a directed verdict at the close of its case. We hold it is reversible *1094 error and a denial of due process for a trial court to direct a verdict against a party prior to the time the party moved against has been given an opportunity to present its case in chief. In this case, Edelman should have been afforded an opportunity to refute the allegations of the petition.
In Pelle v. Diners Club, 287 So.2d 737 (Fla. 3d DCA 1974), Diners Club brought suit on an unpaid balance on credit card charges. At the close of the plaintiff's case, the court stated that it understood the positions of the parties and requested letter memoranda, following which the court entered a judgment for the plaintiff. The judgment was reversed by the district court of appeal, stating:
It is fundamental that the constitutional guarantee of due process, which extends into every proceeding, requires th[at] the opportunity to be heard be full and fair, not merely colorable or illusive.
Turning to the case at bar, we find the trial court erred in failing to grant the appellant an opportunity to present its case-in-chief and, therefore, was denied the protection afforded by the constitutional guarantee of due process of law.
Pelle, 287 So.2d at 738.
In In Re Estate of Sackett, 171 So.2d 906 (Fla. 1st DCA 1965), an executor appealed an order vacating a final discharge order and appointing an administrator. The appellant argued that the trial court violated due process by entering the order without giving him an opportunity to present evidence against the allegations in the petition. In addressing this argument, the appellate court stated:
If the petition filed by appellee was for the purpose of seeking the removal of appellant as the executor of decedent's estate for any of the causes specified by law, and the order here appealed constituted a removal of appellant as executor, then we would be forced to agree that appellant has not been accorded due process of law, and the order appealed should be reversed. Such, however, is not the case.
Sackett, 171 So.2d at 909-10. Such is the case in the instant case; the court removed Edelman for cause under section 733.504, Florida Statutes, without first giving him an opportunity to present evidence against the petition for removal.
In Carmichael v. Shelley Tractor & Equipment Co., 300 So.2d 298 (Fla. 4th DCA 1974), the plaintiff brought a suit for breach of contract. The defendant filed a counterclaim and the case proceeded to a non-jury trial. At trial, the plaintiff voluntarily dismissed his complaint and at the conclusion of the defendant's case-in-chief on its counterclaim, the court granted the defendant's (the counterclaim plaintiff's) motion for directed verdict. The judgment on the verdict was reversed, saying:
The granting of appellee's motion for directed verdict on Count I at the close of its case-in-chief and before appellant had rested was error as the motion was premature. At trial upon the issues made by the pleadings, a party may not move for and obtain a directed verdict prior to the time the party moved against has completed its case-in-chief. Otherwise, such party would be denied due process of law.
Carmichael, 300 So.2d at 299.
In Department of Health & Rehabilitative Services v. Marlow, 448 So.2d 1106 (Fla. 1st DCA 1984), the Department appealed an order of the Career Service Commission which had directed a verdict in favor of an employee who alleged that she was improperly discharged. The Commission directed the verdict over the objection of the Department that it had not been permitted to present a case on the issue of whether just cause existed for the dismissal. The First District Court of Appeal reversed the order of the Commission *1095 insofar as it made findings of fact and conclusions of law on the issue of just cause for dismissal without permitting the Department to present its case.
In Searock, Inc. v. Babcock, 667 So.2d 853 (Fla. 3d DCA 1996), the plaintiff, Babcock, and the defendant, Searock, at the conclusion of the plaintiff's case-in-chief, both, as here, filed motions for directed verdict. The trial court, as it did in this case, granted the plaintiff's motion. The district court, citing the long line of authority on this point, said:
Simply, the trial court erred in granting a directed verdict for Babcock and in depriving Searock of the ability to present its case. Precedent fails to support the granting of a directed verdict before the defendant has had an opportunity to present its case. To the contrary, Florida jurisprudence clearly mandates that "a party may not obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief, since to do so would constitute a denial of due process of law."
Searock, 667 So.2d at 853.
Edelman has asked that should we reverse the trial court, a new judge be named to rehear the case. By the time our decision is released, the Honorable W. Rogers Turner will be retired after a long tenure of dedicated service as a circuit judge. Thus, the request is moot.
The order removing Daniel M. Edelman as the personal representative is reversed. The order appointing Charles Speranzella and Terry Cordell to succeed Edelman as personal representative is vacated. The cause is remanded to reconsider Edelman's status as the personal representative of the estate by way of an evidentiary hearing which gives Edelman an opportunity to be heard.[2]
ORDER OF REMOVAL REVERSED; CAUSE REMANDED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Fla. Prob. R. 5.010 & 5.025(d) and Fla. R. Civ. P. 1.010.
[2] Of course, the circuit court always has the authority to appoint an administrator ad litem to safeguard the estate if the court has reason to believe that the estate assets and administration are endangered or being mismanaged. Thereafter, the court should promptly entertain its concerns on the merits with respect for the due process rights of all interested parties.