946 So.2d 58 (2006)
A.N. and A.N., Appellants,
v.
M.F.-A. and J.A., Appellee.
No. 3D06-2094.
District Court of Appeal of Florida, Third District.
December 20, 2006.
John G. Crabtree; Key Biscayne; Marks & West and Evan R. Marks, Miami, for appellants.
Roslyn L. Stevenson, Hollywood, for appellees.
Before WELLS, CORTIÑAS, and LAGOA, JJ.
LAGOA, Judge.
In this proceeding, the appellants, A.N. and A.N., appeal from a final judgment dismissing their emergency petition for temporary custody of a minor child pursuant to section 751.05(3), Florida Statutes (2005). The issue presented to this Court is a narrow one of due process; therefore, we do not reach the merits of the underlying petition. However, we briefly touch upon the procedural history of the case in *59 order to address the due process concern which requires reversal of the final judgment dismissing the petition with prejudice.
In September, 2003, the appellants filed a Verified Emergency Petition for Temporary Custody, Ex-Parte Complaint for Issuance of Writ of Habeas Corpus and Request for Minor Child to Testify Before Court. The appellants alleged that the appellees, M.F.-A. and J.A., are the adoptive parents of the minor child, J., but that J. had been living with appellants continuously since April, 1996, immediately after the appellees adopted J.[1] In August, 2003, appellees sought to change the living arrangement, and appellants filed the emergency petition seeking temporary custody, claiming that the appellees abandoned J. eight years earlier and that the appellants were the only parents J. had ever known.
On September 16, 2003, an evidentiary hearing was held on the petition. At the hearing, the appellants presented the testimony of J.'s pediatrician, J.'s school principal, J.A., and others, seeking to establish that the appellees had abandoned J. pursuant to section 751.05(3), Florida Statutes (2005). Because of time constraints, the trial court continued the hearing, and appellants were unable to complete their case-in-chief.[2]
The appellees then filed various motions, including a motion to dismiss. At a hearing on the motions, the parties agreed that a final hearing was required in order for the court to determine the issue of whether the appellees were "unfit" parents pursuant to section 751.05(3), Florida Statutes (2005), as alleged by the appellants in the original petition.
Subsequently, on August 14, 2006, the parties appeared before the trial court to conduct the final hearing on the original petition. The trial judge who had entered the previous orders was not available, and the presiding judge at the hearing was a visiting trial judge. During opening statements, the trial judge asked appellants' counsel to proffer the evidence he would produce. At the conclusion of opening statements, the trial judge granted the motion to dismiss with prejudice and entered final judgment for appellees.
On appeal, appellants argue that it was error to dismiss the case as a matter of law after hearing only opening statements. We agree. In Sheldon Greene and Associates, Inc. v. Williams Island Associates, 550 So.2d 1142 (Fla. 3d DCA 1989), we reversed and remanded for a new trial where, after opening statements and a proffer by plaintiff's counsel of the evidence he would produce, the trial court directed a verdict for the defendant. This Court held that "it is error to direct a verdict before a plaintiff has completed presentation of his evidence." Id. at 1143.
Similarly, in Zerillo v. Snapper Power Equipment, 562 So.2d 819 (Fla. 4th DCA 1990), the Fourth District held that the trial court erred in directing a verdict for the defendant prior to the completion of the plaintiff's case. In reaching its conclusion, the court noted:
It is fundamental that the constitutional guarantee of due process, which extends into every proceeding, requires that the opportunity to be heard be full and fair, not merely colorable or illusive.
Id. at 820 (quoting Pelle v. Diners Club, 287 So.2d 737, 738 (Fla. 3d DCA 1974)).
*60 The same concept applies to an involuntary dismissal. See SJS Enters., Inc. v. Cates, 547 So.2d 226 (Fla. 4th DCA 1989)(trial court could not "jump the gun" and grant a motion for an involuntary dismissal before a party has completed the presentation of the evidence). Florida Rule of Civil Procedure 1.420(b) states in pertinent part:
After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief. . . .
In the present case, the trial judge dismissed the petition with prejudice based upon a proffer of testimony by the attorneys in their opening statements and prior to the completion of appellants' case. By denying appellants the opportunity to complete their case-in-chief, the trial court denied appellants their due process. Accordingly, we find that the trial judge erred in dismissing the petition prior to the conclusion of the appellants' presentation of evidence, and reverse the final judgment entered below. The cause is therefore remanded for an evidentiary hearing on the petition.
Our reversal shall not be construed in any manner upon remand as a comment on the merits of the underlying petition.
Reversed and remanded.
NOTES
[1] The appellee, J.A., is the cousin of J.'s biological mother.
[2] The trial court made a temporary ruling on custody until the remainder of the evidentiary hearing could be concluded.