SUAREZ, J.
 

 Claridge H, LLC, appeals from a directed verdict in favor of plaintiff below Claridge Hotel, LC, et al. impermissively granted after the plaintiff rested and prior to the defendant having an opportunity to present any evidence. We reverse and remand for a new trial.
 

 Claridge Hotel, LC, the seller below, filed suit against the buyer, Claridge H, LLC, for breach of contract and declaratory relief arising out of the buyer’s refusal to consummate an agreement to purchase the Claridge Hotel on Miami Beach. The buyer, Claridge H, LLC, filed a counterclaim for breach of contract and fraudulent inducement arising from that contract.
 
 [1]
 
 The two issues that were to be determined at the scheduled two-day bench trial were (1) whether the seller breached the contract by refusing to provide loan documents for certain unsecured loans; and (2) whether the seller’s website representation, stating that the hotel rooftop terrace could hold 120 people for events, amounted to fraudulent inducement. At the end of the first day of trial and at the close of plaintiff/seller’s case in chief, the plaintiff moved for a directed verdict. The court granted the plaintiffs motion for a directed verdict, determining that the seller’s disclosures were sufficient to close the sale, and that the issue of the terrace rooftop capacity was not material to a $12 million dollar purchase. The defendant buyer was not given any opportunity to present its case in chief, although it had witnesses present in court who would offer opposing evidence and testimony regarding the fraudulent inducement issue.
 

 We find that the trial court’s determination of the disputed issues in plaintiffs favor — without first giving the defendant any opportunity to present its case— was error. Numerous cases hold that a directed verdict cannot be entered until each party has an opportunity to present relevant evidence in its case in chief.
 
 See, e.g., Searock v. Babcock,
 
 667 So.2d 853, 853 (Fla. 3d DCA 1996) (“[T]he trial court erred in granting a directed verdict for [plaintiff] and in depriving [defendant] of the ability to present its case.... ‘[Doing] so would constitute a denial of due process of law.’ ”);
 
 Sheldon Greene & Assocs., Inc. v. Williams Island Assocs.,
 
 550 So.2d 1142 (Fla. 3d DCA 1989);
 
 Trio Towing Serv., Inc. v. Murrell,
 
 325 So.2d 21, 22 (Fla. 3d DCA 1975) (“[A]fter finding error in the directed verdict for the defendants in the earlier proceeding we made a mistake in directing the trial judge to direct a verdict for the plaintiff ... we should have returned the matter to the trial court for further proceedings in accordance with the rules of civil procedure and ordinary due process.”);
 
 Pelle v. Diners Club,
 
 287 So.2d 737, 738 (Fla. 3d DCA 1974) (holding that
 
 *1051
 
 it was a violation of due process to grant a directed verdict in favor of plaintiff before the defendant had an opportunity to present his case-in-chief);
 
 [2]
 

 see also
 
 Fla. R. Civ. P. 1.480.
 

 The appellee relies on
 
 Aouate v. Hotel Europe, Inc.,
 
 792 So.2d 596 (Fla. 3d DCA 2001), for the proposition that the directed verdict was not granted in error. That case is clearly distinguishable. In
 
 Aouate,
 
 also a breach of contract action, the trial court granted a directed verdict in the plaintiffs favor before the defendant had
 
 completed
 
 its case in chief. The defendant in that case was allowed to call several witnesses; the only evidence the defendant was not allowed to present, however, was deemed irrelevant parole evidence relating to the unambiguous terms of the contract.
 
 Id.
 

 In the instant case, the plaintiff/seller called an expert witness to demonstrate that the rooftop terrace capacity was immaterial to the purchase of a $12 million hotel. The trial court should have allowed defendant/buyer to call its own witnesses and offer its own evidence to argue that the rooftop terrace capacity issue was, indeed, material to the contract. As the appellant was not given any opportunity to call witnesses or to present any evidence regarding the fraudulent inducement issue, the appellant was effectively denied due process.
 

 We therefore reverse the directed verdict and remand for a new trial in which both parties are afforded the opportunity to present evidence and argument going to the disputed issues.
 

 Reversed, and remanded for a new trial.
 

 [1]
 

 . Claridge H., LLC also filed a third party complaint for breach of contract against In-tervento Investments, Ltd., and Starcove Limited, the principals of the hotel management company that the defendant was also purchasing along with the hotel.
 

 [2]
 

 .
 
 See also Dep’t of HRS v. Marlow,
 
 448 So.2d 1106, 1109 (Fla. 1st DCA 1984) (stating that it was improper for the court to direct a verdict for the plaintiff before the defendant had a chance to present its case);
 
 Dodge v. Weiss,
 
 191 So.2d 71, 73 (Fla. 1st DCA 1966) ("[a] motion for a directed verdict cannot, of course, be properly made by the defendant until the plaintiff has completed the presentation of his evidence,” because the rule contemplates that the movant will move for directed verdict at the close of the evidence offered by the adverse party);
 
 Sapp v. Redding,
 
 178 So.2d 204, 207 (Fla. 1st DCA 1965) ("[a] defendant ... cannot properly make a motion for a directed verdict before the plaintiff has completed the presentation of his evidence,” because the directed verdict rule contemplates that the movant will move for directed verdict at the close of the evidence offered by the adverse party);
 
 Carmichael v. Shelley Tractor & Equip. Co.,
 
 300 So.2d 298, 299 (Fla. 4th DCA 1974) ("At trial upon the issues made by the pleadings, a party may not move for and obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief. Otherwise, such party would be denied due process of law.”);
 
 Zerillo v. Snapper Power Equip.,
 
 562 So.2d 819, 820 (Fla. 4th DCA 1990) ("[A] party may not obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief, since to do so would constitute a denial of due process of law.”).