DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEE A. FISCHER,**
Appellant,

v.

**CANDICE K. FISCHER,**
Appellee.

No. 4D15-2147

[June 29, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 501997DR003933XXDIFY.

John D. Boykin of Ciklin Lubitz & O'Connell, West Palm Beach, for appellant.

Matthew S. Nugent and Adam M. Zborowski of Nugent Zborowski & Bruce, North Palm Beach, for appellee.

DAMOORGIAN, J.

Lee Fischer ("Former Husband") appeals the trial court's order involuntarily dismissing his action to modify Candice Fischer's ("Former Wife") alimony award. We reverse.

Former Husband filed a two count supplemental petition for modification of alimony alleging the following two substantial changes in circumstances: (1) Former Husband had a reduced ability to pay due to his "desire to retire in the near future;" and (2) Former Wife had a reduced need for alimony due to additional substantial and unanticipated sources of post-dissolution income.

The matter proceeded to a two day trial. On the first day of trial, the trial court heard extensive testimony concerning Former Husband's decreased ability to pay alimony due to his purported retirement the week before trial. As to the issue of Former Wife's alleged reduced or eliminated need for alimony, the undisputed evidence established that Former Wife

was currently receiving lifetime monthly annuity payments and had inherited a considerable amount of assets from her family and boyfriend.

At the beginning of the second day of trial, and before Former Husband was given the opportunity to present the testimony of two additional witnesses, the trial court announced that it believed the modification petition was premature. The court reasoned that because Former Husband had purportedly just retired and had no track record of his post-retirement income, his anticipated reduced ability to pay alimony was speculative. In response, Former Husband argued that irrespective of his income, the court could still grant his petition on the ground that Former Wife no longer had a need for alimony. The trial court disagreed and involuntarily dismissed Former Husband's entire petition without prejudice for him to file a new petition in the future.

On appeal, Former Husband argues that: (1) the trial court violated Former Husband's due process rights by involuntarily dismissing the petition before he had finished presenting his case; and (2) the trial court erred in dismissing the entire petition based on Former Husband's inability to establish only one of the listed grounds for modification. We agree with both arguments.

Florida Rule of Civil Procedure 1.420(b) governs the involuntary dismissal of actions and provides in pertinent part:

> After a party seeking affirmative relief in an action tried by the court without a jury **has completed the presentation of evidence**, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may **then** determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. . . .

Fla. R. Civ. P. 1.420(b) (emphasis added). *See Swait v. Swait*, 958 So. 2d 552, 553 (Fla. 4th DCA 2007) (applying Florida Rule of Civil Procedure 1.420 in a modification of alimony action).

We have repeatedly held that a trial court may not involuntarily dismiss an action before the plaintiff has rested its case. *See Wachovia Mortg., FSB v. Montes*, 156 So. 3d 1105, 1106 (Fla. 4th DCA 2015) (holding that the trial court reversibly erred in involuntarily dismissing the case before the

plaintiff finished presenting its case-in-chief); *Lustig v. Garcia*, 789 So. 2d 482, 483 (Fla. 4th DCA 2001) ("[A]n involuntary dismissal may not be entered before the plaintiff has completed the presentation of his evidence."). Here, at the time of the court's involuntary dismissal of the entire petition, Former Husband had not yet finished presenting his case-in-chief. Accordingly, "[b]y denying [Former Husband] the opportunity to complete [his] case-in-chief, the trial court denied [Former Husband his] due process." *A.N. v. M.F.–A.*, 946 So. 2d 58, 60 (Fla. 3d DCA 2006).

The trial court further erred in dismissing the entire multi-count petition based solely on Former Husband's inability to establish one of the listed grounds for modification. In actions involving numerous counts, dismissal of the entire case is proper only if the plaintiff has failed to establish a prima facie case as to *each* of the counts. *See Xamnad, Inc. v. Patio Cafe, Inc.*, 486 So. 2d 699, 700 (Fla. 4th DCA 1986) (holding that the trial court reversibly erred in dismissing the multi-count complaint in its entirety when the facts therein supported at least one cause of action); *see also Sec. Abstract & Ins. Co. v. Fid. Nat'l Title Ins. Co. of Pa.*, 668 So. 2d 658, 658 (Fla. 4th DCA 1996) (holding that the trial court properly dismissed the entire multi-count complaint because the plaintiff "failed to establish a prima facie case as to any of [the counts]").

Here, before his case was dismissed, Former Husband presented evidence establishing that, post-dissolution, Former Wife began receiving additional permanent monthly income and had inherited substantial assets. *See Jarrard v. Jarrard*, 157 So. 3d 332, 339 (Fla. 2d DCA 2015) (holding that a permanent change in income constitutes a substantial change in circumstances justifying a reduction of alimony); *Wiesenfeld v. Wiesenfeld*, 95 So. 3d 959, 960-61 (Fla. 1st DCA 2012) (holding that receipt of a large inheritance constitutes a substantial change in circumstances justifying termination of permanent alimony). Accordingly, Former Husband presented a prima facie case establishing Former Wife's reduced or eliminated need for alimony and the court was compelled to allow Former Husband to complete his case and rule on the remaining ground for modification.

*Reversed and remanded.*

FORST, J., and PERLMAN, SANDRA, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3