Mr. Justice Westcott
delivered the opinion of the court.
The appellant brought his bill in the Circuit Court of the State of Florida, for the Fifth Judicial Circuit, against James H. Ritchie, the respondent, alleging that in January, A. D. 1878, Ritchie was indebted to Reddish in the sum of twelve hundred and fifty dollars, as shown by a promissory note for that sum payable on Hovember 1st, 1879. A copy of the note is appended to the bill, and it is not payable to bearer, or the order of the payee, but is payable to him alone. In other words, it is a non-negotiable note. Plaintiff alleges 'further, that to secure the payment of this note Ritchie executed to Reddish a mortgage upon about 280 acres of land in Alachua county; that on the first of January, A. D. 1879, the note with the mortgage was transferred for a valuable consideration in due course of trade by Reddish to T. B. Tillis; that after said transfer Ritchie recognized and acknowledged Tillis as the true owner and holder of the note and mortgage and paid him ,(Tillis,) the sum of $261.06, claiming the balance of the note as a debt justly due, and secured by the mortgage. Plaintiff prays a foreclosure and sale, and application of proceeds to ..his debt.
The defendant answering, admits the execution of the note and motgage, but denies that Tillis is a bona fide as-signee of the mortgage as alleged, affirming that it was obtained by him4 of Reddish, by means of fraud, force and threats. Defendant admits the payment of $261.06, but denies that he at any time admitted Tillis to have been the true owner. He alleges that he has paid all that was ever due on the note, and that the consideration of the note beyond the $261.06 has already failed, and that of this Til-lis had notice, when he received the note. He alleges that on .the 24th January, A.. D. 1878, he agreed to purchase *224 from Beddish 80 acres of land in Alachua county, for $1,“ 0005 the said Beddish, who was not able at that time to make a title, giving him bond for title. That defendant being then indebted in the sum of $250, added this sum to this $1,000, making the sum of $1,250, which is represented by the note upon which suit is brought. He alleges further that Beddish has utterly failed to make any title to the said land or to deliver possession, the title being in the United States, and that of this, Tillis, the as-signee, had notice; that on the 11th of November, 1879, Beddish executed and delivered to defendant a release from all liability upon the mortgage, reciting in said release a payment of the note. -After replication, evidence, and hearing the bill was dismissed. Upon appeal a reversal of the decree is asked 'here upon the simple, general, allegation of error, without any specific statement of the specific errors deemed to exist.
Tillis, the assignee, and Beddish, the assignor, of this non-negotiable note, were examined as witnesses for plaintiff, and Thomas H. Fletcher, B. J. Earle, James Bitchie, Samuel J. Kennard, Benjamin B. Boulevare and James H. Bitchie, were examined as witnesses for the .defendant. The testimony comprised fifty-nine pages. This testimony we have examined and analyzed carefully, and without commenting at length upon it we will say, that the manifest and clear weight of the evidence shows the facts to be as follows:
On the 24th January, A. D. 1878, James H. Bitchie, for the sum of $4,000 purchased three hundred and sixty acres of land of Samuel Beddish. Bitchie paid fifteen hundred dollars cash and gave his two notes for $1,250 each for the balance. One of these notes has been paid and the other Beddish transferred and assigned to T. B. Tillis, on the 3rd' of February, A. D. 1879. The note was due on the first of November, A. D. 1879. To secure the payment of the two notes Bitchie gave the mortgage to foreclose which
this suit was brought. The mortgage covers two hundred and eighty acres, of land purchased by Bitchie. The title to eighty acres of the land was in the United States, but it had been settled upon as a homestead by the daughter, and son-in-law of Beddish. Beddish gave a bond to Bitchie in 'the sum of $1,000, that being the valuation placed upon the 80 acres by the parties, to make title to this land. These párties subsequently surrendered their Homestead certificates, having abandoned the homestead, and the land is now occupied by other parties, the homestead entries having been cancelled. Beddish surrendered the homestead certifi-cáis to Bitchie, but this was no compliance with his bond, nor did Bitchie accept it as such. The certificates were subsequently cancelled by the United States. Beddish thus placed it beyond his power to comply with his bond. There is, therefore, a failure of consideration to the extent of one thousand dollars. The excess beyond this sum on the note has been paid.
As between the maker and. payee of this non-negotiable note, no portion of this one thousand dollars could be recovered. Such is also the rule between the maker and the assignee of the payee. The assignee talcing such a note be-for it is due, takes it subject'to this equity. It is the well established doctrine that the assignee of a non-negotiable note takes it subject to the equities existing between the maker and the payee, so far as they arise out of the transaction in connection with which the note was given. A mortgage being given to secure the note, does not change the rule. 1 Parsons on Contracts, 195, 198; Edwards on Bills, 208, 209.
The decree is affirmed.