DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WACHOVIA MORTGAGE, FSB** f/k/a **WORLD SAVINGS BANK, FSB,**
n/k/a **WELLS FARGO BANK, N.A.,**
Appellant,

v.

**JOSE R. MONTES;** The Unknown Spouse of Jose R. Montes; **CATALINA SOLANO;** The Unknown Spouse of Catalina Solano; **COURTYARD HOMES AT THE GROVE HOMEOWNERS ASSOCIATION, INC.; THE RIDGES MAINTENANCE ASSOCIATION, INC.;** Any and All Unknown Parties Claiming by, through, under, and against the herein named Individual Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouses, Heirs, Devisees, Grantees, or Other Claimants; Tenant #1, Tenant #2, Tenant #3, and Tenant #4; the names being fictitious to account for parties in possession,
Appellees.

No. 4D13-3654

[January 28, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 09-67096 CACE (11).

Beverly A. Pohl of Broad and Cassel, Fort Lauderdale, and Francisco Armada of Broad and Cassel, Miami, for appellant.

Robert Flavell of Robert Flavell, P.A., Miami, for appellees Jose R. Montes and Catalina Solano.

CIKLIN, J.

Wachovia Mortgage, FSB ("Wachovia") appeals the final judgment entered in favor of the defendants below, Jose R. Montes and Catalina Solano, after its mortgage foreclosure case was involuntarily dismissed at trial. Wachovia argues the trial court erred in involuntarily dismissing the case before Wachovia finished presenting its evidence. We agree, and we reverse and remand for a new trial.

Prior to trial—and as the record clearly indicates—Wachovia filed the original promissory note with the court. At trial, however, the parties discovered that the original note was missing from the court file. Wachovia sought to introduce a copy, but the defendants lodged a best evidence objection, disputed the authenticity of the original, and moved to involuntarily dismiss the case. Without permitting further presentation of evidence, the court summarily granted the motion.

Approximately one week later, the clerk found the original note and returned it via mail to Wachovia. Wachovia promptly moved for rehearing or a new trial, arguing the dismissal was premature and explaining that trial could now proceed with the original note. The trial court denied the motion and entered final judgment for the defendants.

Florida Rule of Civil Procedure 1.420(b) governs involuntary dismissals and provides in pertinent part:

> After a party seeking affirmative relief in an action tried by the court without a jury *has completed the presentation of evidence*, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may *then* determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. . . .

(Emphasis added).

In a bench trial, an involuntary dismissal is appropriate where the plaintiff fails to establish a prima facie case. *Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So. 2d 992, 993 (Fla. 4th DCA 2003) (citations omitted). By definition therefore, Florida courts have held on numerous occasions that, pursuant to rule 1.420(b), a trial court may not order an involuntary dismissal of a case before a plaintiff rests its case. *See Deutsche Bank Nat'l Trust Co. v. Santiago*, 117 So. 3d 1146, 1146-47 (Fla. 3d DCA 2013) (reversing trial court's sua sponte involuntary dismissal of the case entered before bank completed examination of its witness); *A.N. v. M.F.–A.*, 946 So. 2d 58, 60 (Fla. 3d DCA 2006) ("By denying appellants the opportunity to complete their case-in-chief, the trial court denied appellants their due process."); *Lustig v. Garcia*, 789 So. 2d 482, 483 (Fla. 4th DCA 2001) ("[A]n involuntary dismissal may not be entered before the plaintiff has completed the presentation of his evidence."); *SJS Enters. v. Cates*, 547 So. 2d 226, 227 (Fla. 4th DCA

2

1989) (trial court cannot "jump the gun" by granting involuntary dismissal while plaintiff was presenting its first witness).

In the instant case, Wachovia had scarcely begun presenting its case when the court noticed that the original note was not in the court file and, as a result, granted the defendants' motion for involuntary dismissal. Wachovia was denied the opportunity to present any evidence in support of its claim, let alone finish its case-in-chief. The trial court erred in granting the defendants' motion and further erred by denying Wachovia's motion for a new trial.

Because of this incontrovertible error, as well as the recovery of the original note, the defendants' arguments pertaining to Wachovia's ability to prove its case without the note are irrelevant.

*Reversed and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3