DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as trustee for **J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH1, ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2007 CH1,**
Appellant,

v.

**JANET STONE** and **ROBERT STONE,**
Appellees.

No. 4D14-2514

[August 26, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia Gelmine Imperato, Judge; L.T. Case No. CACE-13-020639 (05).

William L. Grimsley, of McGlinchey Stafford, Jacksonville, and N. Mark New II and Jennifer M. Chapkin of McGlinchey Stafford, Fort Lauderdale, for appellant.

Jerome L. Tepps, Sunrise, and Jordan L. Rappaport of Rappaport Osborne Rappaport & Kiem, PL., Boca Raton, for appellees.

### *On Confession of Error*

DAMOORGIAN, J.

Appellant, Deutsche Bank National Trust Company ("Deutsche"), appeals the trial court's order involuntarily dismissing its foreclosure action before the close of its case-in-chief. Appellees concede, and we agree, that the trial court reversibly erred in involuntarily dismissing the foreclosure action before Deutsche rested its case. *See* Fla. R. Civ. P. 1.420(b) (providing that in bench trials, "[a]fter a party seeking affirmative relief . . . *has completed the presentation of evidence*, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief . . . ."); *see also Wachovia Mortg., FSB v. Montes*, 156 So. 3d 1105, 1106 (Fla. 4th DCA 2015) (agreeing with other Florida courts that "pursuant to rule 1.420(b), a trial court may not order an involuntary dismissal of a case before a

plaintiff rests its case.").

This error was compounded by the fact that the trial court based its decision to involuntarily dismiss the foreclosure action on its incorrect ruling regarding the admissibility of the notice of default letter. *See Haskin v. Haskin*, 677 So. 2d 376, 377 (Fla. 4th DCA 1996) (holding that in considering a motion for involuntary dismissal, a trial court judge may not weigh the evidence). Based on the trial testimony of Deutsche's witness, the notice of default letter should have been admitted under the business records hearsay exception pursuant to our holding in *Bank of New York v. Calloway*, 157 So. 3d 1064, 1069–72 (Fla. 4th DCA 2015). We therefore reverse and remand for a new trial.

*Reversed and remanded.*

TAYLOR and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2