DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ONEWEST BANK, FSB,**
Appellant,

v.

**JOSE NUNEZ,** et al.,
Appellee.

No. 4D13-4817

[March 2, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Ireland, Senior Judge; L.T. Case No. CACE09068142.

Kimberly S. Mello and Jonathan S. Tannen of Greenberg Traurig, P.A., Tampa, and Michele L. Stocker of Greenberg Traurig, P.A., Fort Lauderdale, for appellant.

Shaun E. Rice of De Armas, Millich & Rice, P.L., Miami, for appellee.

WARNER, J.

OneWest Bank appeals the involuntary dismissal of its foreclosure action. The court entered the dismissal because it found that the promissory note secured by the mortgage was not a negotiable instrument. We conclude, however, that the note was negotiable and reverse the dismissal.

Appellees Jose and Jessica Nunez, and Felipa Delrio, executed an adjustable rate note to America's Wholesale Lender, together with a mortgage. The note and mortgage were assigned several times, the last of which was to OneWest. The appellees defaulted, and OneWest filed a complaint to foreclose on the mortgage. The appellees filed an answer and affirmative defenses, including a claim that OneWest was not entitled to enforce the promissory note because it was not a negotiable instrument. They claimed that the note referred to and incorporated provisions of the mortgage, thus destroying its negotiability.

The promissory note in this case contains language that is standard in mortgage notes across the country. Specifically, Section 11 of the promissory note contains the following provision:

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows: . . .

The promissory note then includes a provision from the mortgage relating to transfer of the property, including that the lender may require immediate payment of all sums secured by the mortgage if the borrower transfers the property without the lender's consent. That provision states that "Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower."

At the foreclosure trial, the court held that the note was not negotiable, and thus, OneWest, as a purported assignee, could not maintain the action on the note or the foreclosure action. The court entered an order involuntarily dismissing the complaint.

Although the parties did not address it, the court erred in concluding that OneWest could not sustain its cause of action simply because the assignee possessed a non-negotiable note.

> As a general rule, the assignee of a nonnegotiable instrument takes it with all the rights of the assignor, and subject to all the equities and defenses of the debtor connected with or growing out of the obligation that the obligor had against the assignor at the time of the assignment.

*State v. Family Bank of Hallandale*, 667 So. 2d 257, 258 (Fla. 1st DCA 1995); *see also Holly Hill Acres, Ltd. v. Charter Bank of Gainesville*, 314 So. 2d 209, 211 (Fla. 2d DCA 1975); *accord Means v. Clardy*, 735 S.W.2d 6, 11-12 (Mo. Ct. App. 1987). While it may not be a holder in due course, and other defenses may apply, an assignee may still have enforcement rights under the non-negotiable instrument.

2

Regardless, the trial court erred in concluding that the note in question was non-negotiable. Florida has adopted the Uniform Commercial Code, including its provision on negotiability and enforcement of negotiable instruments. Under section 673.1041(1), Florida Statutes (2013), the term "negotiable instrument" means:

> [A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> . . . .
>
> (c) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . .

Section 673.1061, Florida Statutes (2013), defines "unconditional" by stating those conditions that prevent it from being unconditional:

> (1) Except as provided in this section, for the purposes of s. 673.1041(1), a promise or order is unconditional unless it states:
>
> (a) An express condition to payment;
>
> (b) That the promise or order is subject to or governed by another writing; or
>
> (c) That rights or obligations with respect to the promise or order are stated in another writing.
>
> A reference to another writing does not of itself make the promise or order conditional.
>
> (2) *A promise or order is not made conditional:*
>
> (a) *By a reference to another writing for a statement of rights with respect to collateral, prepayment, or acceleration. . . .*

(Emphasis added).

The UCC comments to this section address the inclusion of language regarding collateral and acceleration, and confirm that the inclusion of such language does not make the note unconditional:

3

Many notes issued in commercial transactions are secured by collateral, are subject to acceleration in the event of default, or are subject to prepayment, or acceleration does not prevent the note from being an instrument if the statement is in the note itself. See Section 3-104(a)(3) and Section 3-108(b). In some cases it may be convenient not to include a statement concerning collateral, prepayment, or acceleration in the note, but rather to refer to an accompanying loan agreement, security agreement or mortgage for that statement. Subsection (b)(i) allows a reference to the appropriate writing for a statement of these rights. For example, a note would not be made conditional by the following statement: "This note is secured by a security interest in collateral described in a security agreement dated April 1, 1990 between the payee and maker of this note. Rights and obligations with respect to the collateral are [stated in] [governed by] the security agreement." The bracketed words are alternatives, either of which complies.

§ 673.1061 cmt. 1, Fla. Stat. (2013). Thus, the mention of the mortgage instrument as to the collateral rights or rights of acceleration in the promissory note does not destroy the unconditional nature of the note.

Two cases from other jurisdictions have considered the exact language contained in the promissory note in this case and concluded that it did not render the note non-negotiable. In *Deutsche Bank National Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 54, 2013 WL 1791372 (Ct. App.), the court relied on the UCC comment to the statutory provision to conclude that "the reference to the mortgage, in Section 11 of the note, with respect to rights of acceleration does not render the note nonnegotiable." The court cited to *Mesina v. Citibank, NA*, No. ADV 10-2304 RTL, 2012 WL 2501123 (Bankr. D.N.J. June 27, 2012), which also dealt with nearly identical language, including the incorporation of the acceleration on transfer provisions of the mortgage in the note. The bankruptcy judge found that the provisions were conditions regarding acceleration, permissible under section 3-106(b) of the UCC and not destroying negotiability. We agree with the foregoing authority that Section 11 of the note refers to the mortgage for a "statement of rights with respect to . . . . acceleration" and thus does not render the note non-negotiable. § 673.1061(2)(a), Fla. Stat. (2013).

Appellee relies most prominently on *Holly Hill Acres, Ltd. v. Charter Bank of Gainesville*, 314 So. 2d 209 (Fla. 2d DCA 1975). There, the bank

4

sought to foreclose a note and mortgage given by Holly Hill Acres. *Id.* The note contained the following provision:

> This note with interest is secured by a mortgage on real estate . . . and shall be construed and enforced according to the laws of the State of Florida. **The terms of said mortgage are by this reference made a part hereof.**

*Id.* at 210 (emphasis added). The appellate court in *Holly Hill* explained that there is a difference between a mere reference to a note being secured by a mortgage and stating that "the terms of said mortgage are by this reference made a part hereof." *Id.* at 211. The former merely referred to a separate agreement, while the latter rendered the note "subject to" the mortgage, and therefore, non-negotiable. *Id.* Thus, the note in *Holly Hill*, having incorporated the terms of the purchase money mortgage, was not negotiable. *Id.* In this case, however, the note referred to the mortgage but did not make the note subject to the mortgage instrument.

Because the court erred in dismissing the foreclosure proceeding based upon the non-negotiability of the promissory note, we reverse and remand for further proceedings.

STEVENSON and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***