Gerber, J.
The bank appeals from the trial court’s final order of involuntary dismissal of the bank’s foreclosure action against the homeowners. The bank argues the trial court erred in two respects: (1) by denying the admissibility of the original note into evidence; and (2) by involuntarily dismissing the bank’s foreclosure action as a result. We agree with both arguments and reverse for a new trial.
We present this opinion in five parts:
1. the parties’ pleadings;
*730 2. the trial proceedings;
3. the trial court’s error in denying the original note’s admissibility;
4. the trial court’s error in involuntarily dismissing the bank’s action; and
5. why the defendants’ argument in support of affirmance lacks merit.
1. The Parties’ Pleadings
The bank filed its verified complaint to foreclose on the defendants’ mortgage. The verified complaint alleged as follows. Defendant Jimenez executed a promissory note payable to SunTrust Mortgage, Inc. (“the lender”). On the same date, the defendants executed a mortgage in the lender’s favor to secure payment of the note. The defendants later defaulted on the note and mortgage. Before the bank filed the foreclosure action, the lender assigned the note and mortgage to the bank.
Attached to the verified complaint was the bank’s “Certification Regarding Possession of Original Promissory Note” pursuant to section 702.015(4), Florida Statutes (2013). In the certification, the bank’s representative stated, in pertinent part: “[Attached hereto is a correct copy of the original note and allonge(s), if any.”
The attachment contained copies of the note and an allonge. On the signature page of the note, just beneath defendant Jimenez’s signature, appeared an endorsement stating that the note was payable from the lender to the bank. However, stamped on top of the endorsement was the word “VOID.” In any event, the allonge stated that the note was payable from the lender to the bank. The allonge contained a date which preceded the bank’s filing of the verified complaint.
The defendants filed their answer and affirmative defenses. The defendants’ first affirmative defense stated:
Pursuant to 673.3081, Florida Statutes, Defendants specifically deny the authenticity of any document presented as the original promissory note. Defendants also specifically deny the authenticity of any signatures, and the authority of any person or persons making them, on the promissory note and mortgage and any documents related to them, including, but not limited to, any endorsement of the note or signature on the assignment of mortgage.

2. The Trial Proceedings

At the non-jury trial, the bank presented as its witness a “default service officer” who worked for the lender since before the lender issued the loan. The witness testified that the lender continued to service the loan on the bank’s behalf, as evidenced by a power of attorney which the bank provided to the lender. The bank introduced the power of attorney into evidence without objection.
The witness then identified the original note and allonge. The witness testified that the original note contained defendant Jimenez’s signature. The witness also testified that the note’s signature page contained not only the voided endorsement, but also another undated blank endorsement, as well as the attached allonge from the lender to the bank. The witness further testified that the lender’s allonge to the bank pre-dated the bank’s filing of the verified complaint and certification.
When the bank sought to introduce into evidence the original note and allonge, the defendants objected. The defendants did not state a traditional “legal” basis for their objection. Instead, the defendants argued that the original note should be inadmissible because its signature page differed from the signature page of the note’s copy which the bank attached to the verified complaint and certification, in that the *731 original note’s signature page, besides showing the voided endorsement shown on the note’s copy attached to the verified complaint and certification, also showed, on the opposite side of that page, the lender’s undated blank endorsement.
Before the bank could respond to the defendants’ objection, the defendants requested to voir dire the bank’s witness about the discrepancy. The trial court permitted the voir dire. During the voir dire, the bank’s witness testified she did not know when the undated blank endorsement was placed on the original note.
The defendants resumed their objection to introduction of the original note based on the discrepancy between the signature page on the note’s copy versus the signature page on the original note. The following discussion occurred:
DEFENDANTS’ COUNSEL: What is important, Your Honor, is the law requires a certification, and if you look at the complaint, there is also a certification ....
[[Image here]]
And if you look at the [certification], [the signatory] certified that [the attachment] ... was [a copy of] the original Note and you will see that the endorsement is missing. So, sometime after the Complaint was filed and the presentation of the [original] Note [at trial], an endorsement popped up. ... And this has nothing to do with an allonge, Your Honor. This has to do with what appears to be a Fraud on the Court because this endorsement would have been [included on the copy of the note]... attached to the Complaint.
[[Image here]]
Florida Statute requires, 702.015, that the bank must certify ... they have the original Note at the time of filing the Complaint and they are supposed to attach it to their certification.
[[Image here]]
Your Honor, the [undated blank] endorsement is not there [on the note copy attached to the verified complaint and certification].
[[Image here]]
COURT [speaking to the witness]: Do you know how it came to be that [undated blank endorsement] was placed on [the original note] or when it was placed on there?
WITNESS: I do not have any idea when the [undated blank endorsement] was placed on [the original note]. I really don’t.
[[Image here]]
.COURT [speaking to the bank’s coun: sel]: Any other questions.
BANK’S COUNSEL: I would still like to remind the Court that the copy of the Note that was attached to our Complaint as Exhibit A does bear an allonge from the original lender to [the bank].
COURT: But that was not the point that [the defendants’ counsel] was raising.
After the foregoing discussion, the trial court sustained the defendants’ objection to the admission of the original note, without stating a traditional “legal” basis for sustaining the objection. Shortly thereafter, the following discussion occurred:
DEFENDANTS’ COUNSEL: [A]t this time, I would like to move for an Involuntary Dismissal, Your Honor, because without the Note they have no case.
BANK’S COUNSEL: Your Honor, I do not believe that is appropriate at this time. If you would allow. me to elicit some more testimony from the witness.
COURT: Sure, but if you do not have the Note in [evidence] ... there is a problem.
*732 The bank then sought, through the witness’s testimony, to lay the foundation to admit the original note into evidence under the business records exception to the hearsay rule. After laying the foundation, the bank requested to admit the original note into evidence. The defendants objected without stating any basis. The trial court sustained the objection, also without stating any basis.
The bank then requested to admit the original note into evidence as a self-authenticating document. The defendants again objected without stating any basis. The trial court sustained the objection, but this time stating: “[The original note] is not coming [into evidence], because no one knows how, when, or where [the undated blank endorsement] was placed on there, and clearly it was placed there after the filing [of the verified complaint and certification].”
After the trial court’s ruling on the note being inadmissible, the following discussion occurred which brought the trial to a premature end:
BANK’S COUNSEL: You will also [see] that there is an allonge attached to the Note from ... the original lender to [the bank]. That allonge transfers the Note and the date of the allonge is ... prior to the filing of this action. ... The existence of the [undated blank endorsement] on the bottom of the [original note’s] Signature Page which the Court has taken notice of is inconsequential because [the lender] has already transferred their interest in that—
COURT:—[W]hy was [the undated blank endorsement] placed there after filing [the verified complaint and certification]?
BANK’S COUNSEL: Your Honor, mistakes happen. We cannot answer that. You elicited testimony from the witness on that.
[[Image here]]
DEFENDANTS’ COUNSEL: And my argument is that it perpetrated a Fraud on the Court.
[[Image here]]
COURT: I’m going to Involuntarily Dismiss the case.
[[Image here]]
And so the record is clear, there is no Fraud on the Court as far as I am concerned, zero, but I don’t think that the [original note] should be introduced into evidence. It is different than [the copy of the note] that was attached to the Complaint. It is also clear after argument and testimony that [the undated blank endorsement] was placed [on the original note] sometime after the filing [of the complaint] ... but [the original note] is not coming into evidence and [the bank] cannot prove [its] case without [the original note].
BANK’S COUNSEL: Your Honor, would you also acknowledge that the allonge to the Note from the original lender—
COURT: The record is clear as to what the allonge says.
This appeal followed. The bank argues the trial court erred in two respects: (1) by denying the admissibility of the original note into evidence; and (2) by involuntarily dismissing the bank’s foreclosure action as a result. We agree with both arguments. We address each in turn.

3. The Trial Court’s Error in Denying the Original Note’s Admissibility

Although the defendants did not state a basis for their objection to the original note’s admissibility, it appears their objection, and the trial court’s sustaining of that objection, was based on the note’s authenticity. Put another way, the defendants appear to have argued, and the trial court *733 appears to have found, that the original note was not authentic based on the discrepancy between the signature page on the note’s copy filed with the verified complaint and certification, which did not contain the undated blank endorsement, and the signature page on the original note presented at trial, which contained the undated blank endorsement.
We review the trial court’s denial of the admissibility of the original note, on the basis of authenticity, for an abuse of discretion, limited by the rules of evidence. See Maslak v. Wells Fargo Bank, N.A., 190 So.3d 656, 659 (Fla. 4th DCA 2016) (“We review the admissibility of evidence for an abuse of discretion, limited by the rules of evidence.”) (citation omitted).
Applying the rules of evidence, the trial court erred in denying the admissibility of the original note on the basis of authenticity. Section 90.902(8), Florida Statutes (2015), provides: “Extrinsic evidence of authenticity as a condition precedent to admissibility is not required for ... [c]ommercial papers and signatures thereon and documents relating to them, to the extent provided in the Uniform Commercial Code.”
Under the Uniform Commercial Code, the placement of the undated blank endorsement on the original note after the filing of the verified complaint and certification did not affect the original note’s authenticity and enforceability. Section 673.4071, Florida Statutes (2015), entitled “Alteration,” provides, in pertinent part:
(1) The term “alteration” means:
(a) An unauthorized, change in an instrument which change purports to modify in any respect the obligation of a party, ...
[[Image here]]
(2) ... [A]n alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. No other alteration discharges a party, and the instrument may be enforced according to its original terms.
(emphasis added).
Applying section 673.4071 here, the placement of the undated blank endorsement on the original note after the filing of the verified complaint and certification did not constitute an “alteration.” No evidence existed to show that the endorsement was “unauthorized” or “purported to modify in any respect the obligation of a party” (in this case, defendant Jimenez). § 673.4071(l)(a), Fla. Stat. (2015). As such, the original note “may be enforced according to its original terms.” § 673.4071(2), Fla. Stat. (2015).
A similar ease is Peacock v. Farmers and Merchants Bank, 454 So.2d 730 (Fla. 1st DCA 1984). There, the mortgagors appealed from a final judgment of foreclosure on real property mortgaged as security for two loans secured from the appellee bank. Id. at 732. The mortgagors contended, among other things, that the bank materially altered the two notes upon which their obligations to the bank were based. Id. at 733. The First District concluded that the differences in the various copies of the two notes (the addition of charges for credit life insurance and an alleged alteration of interest rates) were not material. Id. at 734-35. The First District further concluded that, even assuming the notes were materially altered, the mortgagors’ argument still failed. Id. at 735. According to our sister court:
Section 673.407(2)(a), Florida Statutes [the predecessor to section 673.4071], requires proof that the alteration in question was undertaken for fraudulent purposes. Absent such a finding, a guarantor will not be discharged from his *734 obligation. [The mortgagors] made no showing that the bank supplied additional terms or materially altered the notes for a fraudulent purpose. On the contrary, the evidence is easily susceptible to the interpretation that all of [the bank’s] actions with respect to the notes were taken in accordance with the intention of the parties.
Id. (infernal citations omitted).
The instant case is similar to Peacock. Here, the difference between the note’s copy filed with the verified complaint and certification, which did not contain the undated blank endorsement, and the original note presented at trial, which contained the undated blank endorsement, was not material. The placement of the undated blank endorsement on the original note after the bank filed the verified complaint and certification was superfluous given the existence of the allonge from the lender to the bank which pre-dated the filing of the verified complaint and certification. Even assuming the undated blank endorsement materially altered the original note, the defendants made no showing that the bank altered the original note for a fraudulent purpose. On the contrary, the evidence is easily susceptible to the interpretation that the undated blank endorsement was placed on the original note by someone unaware of the existence of the allonge from the lender to the bank.
Based on the foregoing, the trial court erred in denying the original note’s admissibility.

Jp. The Trial Court’s Error in Involuntarily Dismissing the Bank’s Action

As is plain from the record excerpts above, the trial court- involuntarily dismissed the bank’s action before the bank completed its presentation of evidence because the trial court believed the bank could not show a prima facie case without the original note being admitted into evidence.
For example, when the bank’s counsel objected to the defendants’ motion for an involuntary dismissal by arguing “I do not believe that is appropriate at this time,” that is, before the bank completed its presentation of evidence, the trial court responded, “Sure, but if you do not have the Note in [evidence] ... there is a problem.”
Then, when the trial court ultimately granted the defendants’ motion for involuntary dismissal before the bank completed its presentation of evidence, the trial court reasoned: “It is .., clear after argument and testimony that [the undated blank endorsement] was placed [on the original note] sometime after the filing [of the complaint] ... but [the original note] is not coming into evidence and [the bank] cannot prove [its] case without [the original note].”
We review de novo the trial court’s granting of the defendants’ motion for involuntary dismissal before the bank completed its presentation of evidence. See Wells Fargo Bank, N.A. v. Gonzalez, 186 So.3d 1092, 1098 (Fla. 4th DCA 2016) (where trial court granted the defendant’s motion for involuntary dismissal before the plaintiff completed its case in chief, the appellate court’s standard of review was de novo).
Applying de novo review, we conclude that the trial court erred in involuntarily dismissing the bank’s foreclosure action before the bank completed its presentation of evidence. Florida Rule of Civil Procedure 1.420(b) (2015), which governs involuntary dismissals in a nonjury trial, provides, in pertinent part:
Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion *735 shall be served as required under rule 1.090(d). After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence.
Fla. R. Civ. P. 1.420(b) (2015) (emphasis added).
Applying rule 1.420(b)’s plain language emphasized above, we consistently have held that “a trial court may not order an involuntary dismissal of a case before a plaintiff rests its case.” Wachovia Mortg., FSB v. Montes, 156 So.3d 1105, 1106 (Fla. 4th DCA 2015). See also Gonzalez, 186 So.3d at 1098 (“[I]t was improper to grant the motion for involuntary dismissal before the plaintiff completed its case in chief.”); Deutsche Bank Nat. Trust v. Stone, 174 So.3d 550, 550 (Fla. 4th DCA 2015) (trial court reversibly erred in involuntarily dismissing foreclosure action before the bank rested its case).
Here, regardless of the trial court’s incorrect denial of the original note’s inadmissibility, the trial court erred by granting the defendants’ motion for involuntary dismissal where the bank had not rested its case or otherwise indicated it had completed its presentation of evidence. This error was merely compounded by the fact that the trial court based its decision on its incorrect denial of the original note’s admissibility. Cf. Stone, 174 So.2d at 550 (trial court’s error in involuntarily dismissing foreclosure action before bank rested its case “was compounded by the fact that the trial court based its decision to involuntarily dismiss the foreclosure action on its incorrect ruling regarding the admissibility of the notice of default letter”); Montes, 156 So.3d at 1106 (“[The bank] had scarcely begun presenting . its case when the court noticed that the original note was not in the court file and, as a result, granted the defendants’ motion for involuntary dismissal. [The bank] was denied the opportunity to present any evidence in support of its claim, let alone finish its case-in-chief. The trial court erred in granting the defendants’ motion ....”).
Based on the foregoing, the trial court erred in involuntarily dismissing the bank’s action before the bank completed its presentation of evidence.

5. Why the Defendants’ Argument in Support of Affirmance Lacks Merit

Despite the errors described above, the defendants seek affirmance based on their claim that they moved for involuntary dismissal of the bank’s action not on thé fact that the bank could not prove its ease without the original note being admitted into evidence, but on the basis of rule 1.420(b)’s first sentence (“Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court.”). According to the defendants, their motion for involuntary dismissal was based on the bank’s alleged failure to comply'with section 702.015(4), Florida Statutes (2015), and its implementing rule, Florida Rule of Civil Procedure 1.115(c) (2015).
The defendants’ argument is belied by the record. The record, as shown above in this opinion, indicates that although the defendants mentioned section 702.015 in their arguments to the trial court, they did so merely to describe the reason for the existence of the certification, as a prelude *736 to what ultimately became their authenticity objection to the original note’s admissibility. The record further indicates that, upon the trial court sustaining the defendants’ objection, the defendants’ motion for involuntary dismissal was not based upon rule 1.420(b)’s first sentence (“Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court.”), but upon rule 1.420’s third sentence (“After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief .... ”). The defendants’ counsel argued: “[The defendants] would like to move for an Involuntary Dismissal, Your Honor, because without the Note [the bank has] no case.” (emphasis added). The trial court granted the defendants’ motion on that basis alone, reasoning: “It is ... clear after argument and testimony that [the undated blank endorsement] was placed [on the original note] sometime after the filing [of the complaint] ... but [the original note] is not coming into evidence and [the bank] cannot prove [its] case without [the original note]." (emphasis added).

Conclusion

Based on the foregoing, we reverse and remand for a new trial, at which the trial court shall admit the original note into evidence as a self-authenticating document, and shall proceed with the trial accordingly.

Reversed and remanded for new trial.

Ciklin, C.J., and Damoorgian, J., concur.