IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHRISTOPHER CHUCHIAN
AND KRISTEN CHUCHIAN,

   Appellants,

 v.               Case No.  5D15-2125

SITUS INVESTMENTS, LLC,

   Appellee.

_____/

Opinion filed June 2, 2017

Appeal from the Circuit Court
for Marion County,
David B. Eddy, Judge.

Richard B. Carey and Melva Harris-Rozier,
of Carey Law Group, P.A., West Palm
Beach, for Appellants.

Marquista A. Shipman, of Shipman Law,
P.A., Hollywood, for Appellee.

PER CURIAM

  Christopher and Kristen Chuchian (Borrowers) appeal the summary final foreclosure judgment entered against them by the trial court in favor of Situs Investments, LLC (Bank).  The trial court awarded Bank $118,323.12, including $89,235 in unpaid principal.  Because Bank was entitled to at most $30,000 in unpaid principal, this was error.

Borrowers entered into a revolving credit agreement and disclosure (Credit Agreement) with Ocala National Bank in 2003, for a credit line of up to $30,000, and secured it with a non-standard mortgage on their property for up to $30,000 in principal plus interest and costs for taxes, levies, repairs, and insurance. The credit agreement states that any principal advances in excess of the $30,000 credit limit would not be secured by the mortgage. A year later, the mortgage was modified[1] to increase the credit line to up to $90,500.[2] After a chain of assignments of the original credit agreement and the original and modified mortgage to various entities, the original credit agreement and the original mortgage were assigned to Bank. However, the modified mortgage was not assigned to Bank. Bank filed its original foreclosure complaint on May 5, 2014.

Although the original credit agreement executed by Borrowers was a nonnegotiable instrument because it was not for a fixed sum, see section 673.1041(1), Florida Statutes (2003), the owner of a nonnegotiable note may still have enforcement rights. See OneWest Bank, FSB v. Nunez, 193 So. 3d 13, 14 (Fla. 4th DCA 2016) ("As a general rule, the assignee of a nonnegotiable instrument takes it with all the rights of the assignor, and subject to all the equities and defenses of the debtor connected with or growing out of the obligation that the obligor had against the assignor at the time of the assignment." (quoting State v. Family Bank of Hallandale, 667 So. 2d 257, 258 (Fla. 1st DCA 1995))); Holly Hill Acres, Ltd. v. Charter Bank of Gainesville, 314 So. 2d 209, 211 (Fla. 2d DCA 1975). The assignee of a nonnegotiable note obtains the right of the

---

[1] The appellate record does not contain any documents modifying the original credit agreement.

[2] In its affidavit of indebtedness, Bank asserted that Borrowers owed $89,235 in unpaid principal.

assignor to enforce the note and is subject to any defenses the borrower had against the assignor. See Mason v. Flowers, 107 So. 334, 335 (Fla. 1926); Reddish v. Ritchie, 17 Fla. 867, 870 (Fla. 1880).

Bank established standing to foreclose on the original credit agreement and mortgage through a special indorsement on the assignment of the credit agreement. Although that indorsement is undated, Bank filed a notarized certificate of possession with the original foreclosure complaint stating it had come into possession of the original credit agreement on February 11, 2014, and the assignment of the original mortgage, which was also attached to the original foreclosure complaint, states that the credit agreement was transferred to Bank on that day. This means that Bank had standing under the original credit agreement for up to $30,000 of the unpaid principal. See Ortiz v. PNC Bank, Nat'l Ass'n, 188 So. 3d 923, 925 (Fla. 4th DCA 2016); Tomlinson v. GMAC Mortg., LLC, 173 So. 3d 1121, 1122-23 (Fla. 2d DCA 2015).

However, Bank did not produce any evidence showing that a modified credit agreement exists, nor has it shown that the mortgage modification was intended to modify not just the mortgage but also the original credit agreement.[3] The original credit agreement explicitly states that any credit advances in excess of the credit limit are not secured by the mortgage. Without evidence showing that a modified credit agreement exists and was assigned to Bank, the modified mortgage is insufficient to establish the

---

[3] Bank has also not produced evidence showing that the modified mortgage securing the $60,500 increase in the credit limit was assigned to it. However, this failure is not relevant to the standing analysis as the mortgage follows the note, and an assignment of the mortgage to the plaintiff in a foreclosure case is insufficient to establish standing unless the note was also assigned to the plaintiff. See Jelic v. BAC Home Loans Servicing, LP, 178 So. 3d 523, 525 (Fla. 4th DCA 2015) (citing Lamb v. Nationstar Mortg., LLC, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015)).

increased amount Bank claims it is owed.  See Lamb v. Nationstar Mortg., LLC, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015) (quoting Tilus v. AS Michai LLC, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015)); Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015).  A modification of the credit agreement was necessary to increase the credit limit. Thus, there is a genuine issue of material fact concerning Bank's entitlement to enforce the modified mortgage.  See Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 309-11 (Fla. 2d DCA 2013); Servedio v. U.S. Bank Nat'l Ass'n, 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010) (citing TRG-Brickell Point NE, Ltd v. Wajsblat, 34 So. 3d 53, 55 (Fla. 3d DCA 2010)).  Consequently, the trial court erred when it awarded more than $30,000 in unpaid principal to Bank in the summary final judgment.[4]

REVERSED and REMANDED.

PALMER, ORFINGER and BERGER, JJ., concur.

---

[4] In addition to the unpaid principal, the mortgage permits the trial court to award interest on the principal plus costs for taxes, levies, repairs, and insurance as well as interest on those costs.