NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THIRD FEDERAL SAVINGS & LOAN )
ASSOCIATION OF CLEVELAND, )
          )
    Appellant, )
          )
v. )   Case No. 2D17-773
          )
LEAH G. KOULOUVARIS a/k/a )
LEAH KOULOUVARIS and NICHOLAS )
KOULOUVARIS, )
          )
    Appellees. )
_____ )

Opinion filed May 18, 2018.

Appeal from the Circuit Court for Pasco
County; Kimberly Sharpe Byrd, Judge.

Morgan L. Weinstein of the Van Ness Law
Firm, PLC, Deerfield Beach, for Appellant.

Mark Stopa of the Stopa Law Firm, Tampa,
for Appellees.


LaROSE, Chief Judge.

    Third Federal Savings & Loan Association of Cleveland appeals the trial

court's order involuntarily dismissing its foreclosure case. We have jurisdiction. See

Fla. R. App. P. 9.030(b)(1)(A). Third Federal advances a variety of alleged trial court

errors. We are not persuaded and, accordingly, affirm. We write for the limited purpose

of explaining why the trial court properly dismissed count two of the complaint. In that

count, Third Federal sought to recover monies due on a home equity line of credit (HELOC), secured by a second mortgage.

## Background

Leah and Nicholas Koulouvaris borrowed money to buy a home in Pasco County. The loan was evidenced by a note and secured by a mortgage. About a week later, they obtained a HELOC, secured by another note and a second mortgage. The HELOC note did not contain a promise by the Koulouvarises to repay a specified sum of money. Nor does our record reflect that Third Federal disbursed any money to them at the closing on the HELOC. Instead, the HELOC provided a credit limit of $40,000. Nothing on the face of the HELOC note indicates how much the Koulouvarises actually borrowed.

Third Federal sued the Koulouvarises after they defaulted on their loans. The foreclosure action proceeded to a nonjury trial. During its case-in-chief, Third Federal moved to admit the HELOC note into evidence. The Koulouvarises raised an authentication objection. They argued that the HELOC note was nonnegotiable and, thus, not a self-authenticating instrument. The trial court sustained the objection. Third Federal made no further effort to authenticate the HELOC note. The trial court also rejected Third Federal's effort to admit the HELOC mortgage into evidence, explaining that the second mortgage "has no legal significance without a note."

The Koulouvarises moved to involuntarily dismiss the case. As to count two, they argued that Third Federal failed to introduce a note, a mortgage, proof of a default, or any other competent evidence to support foreclosure. Essentially, they maintained that Third Federal failed to establish a prima facie case on its HELOC cause of action. The trial court agreed and dismissed the case.

- 2 -

## Analysis

Florida law requires the authentication of a document prior to its admission into evidence. See § 90.901, Fla. Stat. (2012) ("Authentication or identification of evidence is required as a condition precedent to its admissibility."); Mills v. Baker, 664 So. 2d 1054, 1057 (Fla. 2d DCA 1995); see, e.g., DiSalvo v. SunTrust Mortg., Inc., 115 So. 3d 438, 439-40 (Fla. 2d DCA 2013) (holding that unauthenticated default letters from lender could not be considered in mortgage foreclosure summary judgment). Proffered evidence is authenticated when its proponent introduces sufficient evidence "to support a finding that the matter in question is what its proponent claims." § 90.901; Coday v. State, 946 So. 2d 988, 1000 (Fla. 2006) ("While section 90.901 requires the authentication or identification of a document prior to its admission into evidence, the requirements of this section are satisfied by evidence sufficient to support a finding that the document in question is what its proponent claims.").

There are a number of recognized exceptions to the authentication requirement. One, as relevant here, relates to commercial paper under the Uniform Commercial Code, codified in chapters 678 to 680 of the Florida Statutes. "Commercial papers and signatures thereon and documents relating to them [are self-authenticating], to the extent provided in the Uniform Commercial Code." § 90.902(8); see, e.g., U.S. Bank Nat'l Ass'n for BAFC 2007-4 v. Roseman, 214 So. 3d 728, 733 (Fla 4th DCA 2017) (reversing the trial court's denial of the admission of the original note in part because the note was self-authenticating); Hidden Ridge Condo. Homeowners Ass'n v. Onewest Bank, N.A., 183 So. 3d 1266, 1269 n.3 (Fla. 5th DCA 2016) (stating that because the endorsed note was self-authenticating as a commercial paper, extrinsic evidence of authenticity was not required as a condition precedent to the note's

admissibility); Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. 4th DCA 2010) (holding that there was no issue of authentication because the note was self-authenticating under section 90.902(8)).

Third Federal contends that the trial court should have admitted the HELOC note into evidence. According to Third Federal, the note was a self-authenticating negotiable instrument. We cannot bicker with the proposition that "for over a century . . . the Florida Supreme Court has held [promissory notes secured by a mortgage] are negotiable instruments. And every District Court of Appeal in Florida has affirmed this principle." HSBC Bank USA, Nat'l Ass'n v. Buset, 43 Fla. L. Weekly D305, 306 (Fla. 3d DCA Feb. 7, 2018) (citation omitted). That is as far as we can travel with Third Federal.

The HELOC note is not a self-authenticating negotiable instrument. By its own terms, the note established a "credit limit" of up to $40,000 from which the Koulouvarises could "request an advance . . . at any time." Further, the note provided that "[a]ll advances and other obligations . . . will reduce your available credit." The HELOC note was not an unconditional promise to pay a fixed amount of money. Rather, it established "[t]he maximum amount of borrowing power extended to a borrower by a given lender, to be drawn upon by the borrower as needed." See Line of Credit, Black's Law Dictionary, 949 (8th ed. 1999).

This distinction is not esoteric legalese. Florida law is clear that a "negotiable instrument" is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order." § 673.1041(1), Fla. Stat. (2012) (emphasis added). The HELOC note reflects no such

undertaking. It only obligates the Koulouvarises to repay whatever they borrow, up to $40,000.

Recently, the Fifth District reached the same result. In <u>Chuchian v. Situs Invs., LLC</u>, 219 So. 3d 992, 993 (Fla. 5th DCA 2017), the borrowers executed a series of credit agreements, the first for a credit line of up to $30,000, the second modified the credit line to up to $90,500. The Fifth District held that the "credit agreement . . . was a nonnegotiable instrument because it was not for a fixed sum." <u>Id.</u>

The HELOC note failed to require the payment of a fixed amount of money, making it a nonnegotiable instrument. As such, it was not self-authenticating. Thus, absent other proof of authentication, it was inadmissible into evidence. <u>See, e.g.</u>, <u>BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques</u>, 28 So. 3d 936, 939 (Fla. 2d DCA 2010) (noting that an unauthenticated document attached as an exhibit to a motion was inadmissible); <u>Wright v. JPMorgan Chase Bank, N.A.</u>, 169 So. 3d 251, 252 (Fla. 4th DCA 2015) ("This [notice of servicing rights] is not competent evidence, however, because it was never authenticated and admitted into evidence at trial."); <u>Ciolli v. City of Palm Bay</u>, 59 So. 3d 295, 297 (Fla. 5th DCA 2011) (noting that an unauthenticated document attached to a memorandum of law does not constitute competent evidence); <u>Tunnell v. Hicks</u>, 574 So. 2d 264, 266 (Fla. 1st DCA 1991) (noting that an unauthenticated letter attached as an exhibit to a motion was not admissible and not properly before the court).

## Conclusion

We cannot conclude that the trial court erred in sustaining the objection to the admission of the HELOC note. <u>See</u> <u>State v. Wells</u>, 538 So. 2d 1292, 1295 (Fla. 2d DCA 1989) ("We recognize that the trial court's ruling in this area of authenticating

evidence should be sustained, unless the ruling is clearly erroneous." (citing <u>Justus v. State</u>, 438 So. 2d 358, 365 (Fla. 1983))).  Ultimately, the trial court's decision to involuntarily dismiss the case was proper.

Affirmed.


SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.