DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR MEB LOAN TRUST IV,**
Appellant,

v.

**STEVEN D. GROB, DOROTHY M. GROB,**
**THE RIVER HOMEOWNERS ASSOCATION, INC.,**
**RENEE A. HAY** a/k/a **RENEE HAY,** and **BARRY F. HAY,**
Appellees.

No. 4D21-1456

[August 3, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502020CA008537XXXXMB.

David Rosenberg and Jarrett Cooper of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Boca Raton, for appellant.

Joseph J. Huss and Benny A. Ortiz of Krinzman Huss Lubetsky Feldman & Hotte, Fort Lauderdale, for appellees Steven and Dorothy Grob.

J. Michael Burman of Reid Burman Lebedeker Xenick Pepin, West Palm Beach, for appellee Renee Hay.

**ON MOTION FOR CLARIFICATION**

KUNTZ, J.

Steven D. Grob, Dorothy M. Grob, and Renee Hay, move for clarification of our opinion issued on March 30, 2022. We grant the motion for clarification in part, withdraw our prior opinion, and issue this opinion in its place.

U.S. Bank National Association, as trustee for MEB Loan Trust IV, appeals the circuit court's order granting the Appellees'[1] motion to dismiss U.S. Bank's foreclosure complaint.  We reverse.

*Background*

After there was a default in payment on a home equity line of credit, secured by a mortgage, U.S. Bank, as trustee for MEB Loan Trust IV, filed suit.  U.S. Bank alleged that the mortgage was assigned to MEB Loan Trust IV by the original lender and that the "plaintiff has standing to enforce its rights and obligations under the HELOC, including the right to foreclose the subject HELOC and Mortgage."[2]  Further, Specialized Loan Servicing LLC was the servicer of the HELOC and the mortgage.  As servicer, Specialized Loan signed the verification to the foreclosure complaint.[3]  Finally, a copy of the original loan documents, endorsed in blank, was attached to the complaint.

The Appellees moved to dismiss the complaint, arguing that "the HELOC is a nonnegotiable instrument that can only be enforced by its owner."  The Appellees stated that "[s]ince this action was brought by the servicer, on behalf of the trustee for the owner of the debt, this action cannot be maintained and must be dismissed."

The circuit court granted the motion and dismissed the complaint.

*Analysis*

U.S. Bank argues the circuit court erred when it dismissed the complaint for lack of standing.  U.S. Bank asserts the allegations within the complaint establish standing.  The Appellees respond that the circuit court correctly found U.S. Bank lacked standing and that the "discreet issue before this Court is whether a loan servicer, on behalf of the owner of a non-negotiable instrument, can bring an action to enforce the non-negotiable instrument."

---

[1] Renee Hay was a mortgagor under the mortgage securing payment of a home equity line of credit, which Bruce B. Hay executed.  The Grobs are the current record owners of the encumbered property.

[2] A "HELOC" is a home equity line of credit.

[3] The complaint confusingly stated that Specialized Loan had "the authority to initiate the instant foreclosure on behalf of Plaintiff pursuant to a power of attorney or servicing agreement."

The Appellees are correct that the HELOC here is a nonnegotiable instrument. The HELOC acted as a "credit line" for the Appellees. But, generally, assignees of nonnegotiable instruments take "all the rights of the assignor . . . subject to all the equities and defenses of the debtor connected with or growing out of the obligation that the obligor had against the assignor at the time of the assignment." *State v. Fam. Bank of Hallandale*, 667 So. 2d 257, 259 (Fla. 1st DCA 1995); *see also OneWest Bank, FSB v. Nunez*, 193 So. 3d 13, 14 (Fla. 4th DCA 2016). So, U.S. Bank, as trustee for MEB Loan Trust IV, acquired the rights of the original holder.

The remaining question is whether the allegations in the complaint were enough to show standing. The answer is yes.

The complaint alleged that the mortgage was assigned to the plaintiff: U.S. Bank, as trustee for MEB Loan Trust IV. An attachment to the complaint showed that the original lender assigned its interest to MEB Loan Trust IV. Further, when the complaint was filed, a certification of possession was filed under penalty of perjury stating that U.S. Bank National Association, as trustee for MEB Loan Trust IV, had possession of the original loan documents. Those facts support standing.

But the verification of the complaint by Specialized Loan, the servicer, seems to have caused unnecessary confusion. The servicer's involvement does not diminish the authority of the holder to foreclose. *See, e.g.*, *Caraccia v. U.S. Bank, Nat'l Ass'n*, 185 So. 3d 1277, 1279 (Fla. 4th DCA 2016); *Deutsche Bank Nat'l Tr. Co. v. Huber*, 137 So. 3d 562, 564 (Fla. 4th DCA 2014) ("A plaintiff's loan servicing agent is a proper representative to verify a mortgage foreclosure complaint.").

As the alleged trustee for MEB Loan Trust IV, U.S. Bank has the right to "[p]rosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties." § 736.0816(23), Fla. Stat. (2020).

Therefore, U.S. Bank, as trustee for MEB Loan Trust IV, had standing to foreclose, and the court erred when it dismissed the complaint.

*Conclusion*

The circuit court's order dismissing the complaint filed by U.S. Bank National Association, as trustee for MEB Loan Trust IV, is reversed.

*Reversed and remanded for further proceedings.*

CONNER and FORST, JJ., concur.

$$* \qquad * \qquad *$$

**FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.**